[No. G013003. Fourth Dist., Div. Three. June 30, 1994.]

MARILYN M. SMITH, Plaintiff and Respondent, v.
DARREN E. ESSLINGER et al., as Trustees, etc., Defendants and
Appellants.

**COUNSEL**

Gibson, Dunn & Crutcher, Gordon A. Schaller, Larry C. Boyd and Andrea E. Neuman for Defendants and Appellants.

Forgy, Inadomi & Mosich and Nicholas J. Mosich for Plaintiff and Respondent.

**OPINION**

**SILLS, P. J.**—The trustees of an inter vivos trust appeal from an order determining that the plaintiff beneficiary had not violated the trust's "no contest" clause by filing the underlying petition. Because we hold the trustees do not have standing to appeal the order, we dismiss the appeal.

I

Paul and Marie Esslinger established an inter vivos trust in 1976 known as the Esslinger Family Trust. When Paul died in 1982, the trust corpus was

divided into trust A, a revocable trust containing Marie's share of the trust property, and trust B, an irrevocable trust containing the balance of the estate.

In 1983, Marie amended trust A. Among the provisions added was a "no contest" clause providing that any beneficiary who contests any provision of the trust forfeits the income and corpus of the trust.[1] Marie died in 1990, and the trusts were thereupon divided into two separate trusts for Marilyn Smith and Paul R. Esslinger, the Esslingers' two children.

Problems arose concerning management of the trusts' assets. In October 1991, Marilyn filed a petition in the probate court for accounting and other remedies alleging that the trustees (three of Paul R.'s four children) had committed acts in violation of the terms of the trusts. She alleged, among other things, the trustees had leased a portion of trust property for a mobilehome park to Stephen Esslinger (Paul R.'s other child) at significantly less than fair market rent, thus reducing her trust income. The petition also included an application under Probate Code section 21320, subdivision (a) requesting a determination as to whether the prosecution of the petition would constitute a contest under trust A's no contest clause.[2]

Following a hearing on the application under section 21320, the probate court found the petition was not a contest of trust A. Only the trustees appeal from that order.

## II

On appeal, the trustees assert Marilyn violated the procedural requirements of section 21320, subdivision (a), by making the application part

[1]The no contest clause reads: "If any beneficiary under this Trust Instrument or any beneficiaries under the Will or Codicil of Trustor, shall contest in any court any of the provisions of this Trust, or shall not defend or assist in good faith in the defense of any and all such contests, then each and all of such persons shall not be entitled to any devises, legacies, or benefits under the Will or any Codicil, or under the provisions of this trust any and all devises, legacies, and portions of the income and corpus of this Trust Estate, either or both, otherwise provided to be paid to such person shall be paid, distributed, and pass as though such person had predeceased Trustor without issue or died without issue before becoming entitled to receive income or any portion of the corpus of the said Trust Estate." There is no similar provision in trust B.

[2]Probate Code section 21320 provides in relevant part: "(a) If an instrument containing a no contest clause is or has become irrevocable, a beneficiary may apply to the court for a determination whether a particular motion, petition, or other act by the beneficiary would be a contest within the terms of the no contest clause. [¶] (b) A no contest clause is not enforeable against a beneficiary to the extent an application under subdivision (a) by the benficiary is limited to the procedure and purpose described in subdivision (a) and does not require a determination of the merits of the motion, petition, or other act by the beneficiary." All further references, unless otherwise indicated, are to the Probate Code.

of the petition and therefore she is not entitled to the protection afforded by that section. They also assert portions of the petition violate the no contest clause.

Prior to oral argument, we asked for supplemental briefs on the standing issue; that is, whether the trustees are "aggrieved" by the order within the meaning of section 902 of the Code of Civil Procedure which provides that "[a]ny party aggrieved may appeal."[3] ██ An aggrieved party is one whose "rights or interests are injuriously affected by the judgment," and whose interests are " ' "immediate, pecuniary, and substantial and not nominal or a remote consequence of the judgment." ' " (*County of Alameda* v. *Carleson* (1971) 5 Cal.3d 730, 737 [97 Cal.Rptr. 385, 488 P.2d 953].) ██ The question posed here, then, is whether the order construing the no contest clause injuriously affects the rights or interests of the trustees. We hold it does not.[4]

██ A trustee acting in a representative capacity has standing to appeal an order affecting the "existence, modification or termination of the trust." (*Estate of Bunn* (1949) 33 Cal.2d 897, 899 [206 P.2d 635]; 9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 146, pp. 154-155 [trustee has duty to protect estate].) This includes an order presenting a question as to "the proper exercise of the duties of the officer" or the "right or power of the trustee to comply" with it (*Estate of Murphy* (1904) 145 Cal. 464, 465 [78 P. 960]), or where obedience to the order might subject the trustee to personal liability (*In re Welch* (1895) 106 Cal. 427, 429 [39 P. 805]. In addition, a trustee "may appeal from a decree determining the relative rights of beneficiaries if some of them are unascertained or without representation . . . , or are not competent to act for themselves." (*Estate of Ferrall* (1948) 33 Cal.2d 202, 205 [200 P.2d 1, 6 A.L.R.2d 142], citations omitted.)

Conversely, a trustee acting in a representative capacity does not have standing to appeal an order determining "the conflicting claims of beneficiaries" or "which beneficiaries are entitled to share in a particular fund" because a trustee has a duty to deal impartially with the beneficiaries. (*Estate*

---

[3]We express no opinion as to whether the application under section 21320 must be made prior to the filing of the petition, or whether it can be made as part of the petition as was done here. (Compare *In re Estate of Hite* (1909) 155 Cal. 436, 444 [101 P. 443] ["paper contest" does not invoke no contest clause] with *Estate of Friedman* (1979) 100 Cal.App.3d 810, 817-818 [161 Cal.Rptr. 311] [filing of petition constitutes contest].) Whether the beneficiary's act constitutes a contest must be determined on a case-by-case basis. (*Estate of Basore* (1971) 19 Cal.App.3d 623, 631 [96 Cal.Rptr. 874]; *Estate of Fuller* (1956) 143 Cal.App.2d 820, 824 [300 P.2d 342].)

[4]The trustees clearly had a duty to fully litigate the issue as to whether the petition constituted a contest within the meaning of the no contest clause in the probate court.

*of Ferrall, supra,* 33 Cal.2d at p. 204; see also *Bates* v. *Ryberg* (1871) 40 Cal. 463, 465-466; 9 Witkin, Cal. Procedure, *supra,* § 146, p. 155 [judgment affecting only beneficiaries not appealable by trustee].) In that situation, the trustee is "regarded as a mere stakeholder with no duties to perform other than to pay out funds to the various claimants as ordered by the proper court, and the beneficiaries must then protect their own rights." (*Estate of Ferrall, supra,* 33 Cal.2d at p. 204; *Roach* v. *Coffey* (1887) 73 Cal. 281, 282 [14 P. 840] [administrator's duty is to distribute estate as court directs].)

■■■ The order which is the subject of this appeal does not affect the existence or administration of the trust. It merely construes the no contest clause. It does not endanger the assets of the trust, question the power or rights of the trustees, or subject the trustees to possible personal liability if they comply with it. To the contrary, the order protects the trust and the trustees. The trustees now know the petition will not violate the no contest clause, and that they can distribute trust income to the beneficiaries confident they are acting in accordance with their fiduciary duties.

Furthermore, the trustees' belief the order conflicts with section 21320 and Marie's intent in adding the no contest clause does not confer standing on them. It was for the probate court to determine the meaning and effect of the no contest clause. Once the probate court made that determination the trustees' obligation (since the order does not adversely affect the trust) was to follow the court's order. Under these circumstances, the sole right to appeal rests with the beneficiaries. (See, e.g., *Burch* v. *George* (1994) 7 Cal.4th 246 [27 Cal.Rptr.2d 165, 866 P.2d 92] [beneficiary appealed]; *Varney* v. *Superior Court* (1992) 10 Cal.App.4th 1092 [12 Cal.Rptr.2d 865] [beneficiary appealed]; *Scharlin* v. *Superior Court* (1992) 9 Cal.App.4th 162 [11 Cal.Rptr.2d 448] [beneficiary appealed].)

Here, Paul R. Esslinger was a named defendant in the petition. He was also the affected beneficiary and the only person "aggrieved" by the order. For reasons which do not concern us, he chose not to appeal. Although the trustees may believe the order is wrong, Paul R.'s decision not to appeal is final. That decision cannot now be usurped by the trustees under the guise of protecting the estate.

The only case authority our research has disclosed which has considered this question is *Krause* v. *Tullo* (Mo.Ct.App. 1992) 835 S.W.2d 488.[5] Although *Krause* is not binding authority, we are persuaded its analysis of

---

[5]The only California case we are aware of which is factually alike is *Poag* v. *Winston* (1987) 195 Cal.App.3d 1161 [241 Cal.Rptr. 330]. There, the trustees' appeal from a similar order was resolved on the merits. However, in that case the Court of Appeal assumed, without discussing its basis for doing so, without citation to authority, and without the benefit of a

the question is correct. In that case, the plaintiff beneficiary sought a judicial determination that the bringing of the proposed action to enforce a contract would not violate the no contest clause of the will. The trial court held it was not a contest and the personal representative appealed. In holding the personal representative did not have standing to appeal, the appellate court stated the judgment does not harm the estate because it "merely declares the meaning of the in terrorem clause regarding a potential suit," and it does not adversely affect the personal representative in performing his duties because "he now knows such a suit will not violate the in terrorem clause" when it comes time to distribute the estate. (*Id.* at p. 491.)

### III

■ Finally, the trustees suggest they have standing to appeal in their individual capacities as remaindermen subject to divestment. Relying on *Estate of Hawkins* (1987) 194 Cal.App.3d 102, 105 [239 Cal.Rptr. 464] and *Estate of Sloan* (1963) 222 Cal.App.2d 283, 291 [35 Cal.Rptr. 167] they assert their "co-trustees" designation in the notice of appeal is merely a descriptive term which may be ignored, and that we may treat the notice of appeal as having been filed in their individual capacities.

However, we are not blind to the self-serving nature of the request. The trustees were sued and appealed solely in their representative capacity, yet they want to continue using trust assets to appeal an order, the sole effect of which is to determine whether they are violating their fiduciary duties under the trusts. Because the merits of the petition will be heard on Marilyn's identical claims as to trust B (which does not have a no contest clause), it would not be in the interests of justice to treat this appeal as having been filed by the trustees in their individual capacities.[6]

The appeal is dismissed. Marilyn to recover her costs on appeal.

Sonenshine, J., and Rylaarsdam, J.,* concurred.

---

respondent's brief, that the trustees had standing to appeal. As discussed in the text, we think *Poag* erred in considering the substantive issue, and decline to follow the silent assumption the trustees have standing to appeal.

[6]The substantive issues raised by petition may be fully litigated in the probate court. The trustees will have their day in court and any judgment rendered on the petition will, of course, be appealable.

*Judge of the Orange Superior Court sitting under assignment by the Chairperson of the Judicial Council.