[No. D021359. Fourth Dist., Div. One. July 31, 1995.]

GLORIA ANN GRAHAM, Plaintiff and Appellant, v.
ROBERT F. LENZI, Defendant and Appellant.

**COUNSEL**

Sullivan, Cummins, Wertz, McDade & Wallace and Leo Sullivan for Plaintiff and Appellant.

Alexander B. McDonald for Defendant and Appellant.

**OPINION**

HALLER, J.—Gloria Ann Graham is a beneficiary of an inter vivos trust created by her parents, who are now deceased. Graham filed an application

seeking a determination under Probate Code section 21320[1] of whether any of the claims asserted in her proposed petition to determine the validity of certain trust provisions would be a contest within the meaning of the trust's no contest clause.

The proposed petition, which challenges Robert F. Lenzi's right to take one-half of the trust residue pursuant to an amendment to the trust, contains four separate claims for relief. Lenzi appeals from the court's determination that part of the petition's first claim and the entire third claim are *not* contests within the meaning of the trust's no contest clause. Graham cross-appeals from the court's determination that part of the first claim and the entire fourth claim *are* contests.

### FACTS AND PROCEDURAL BACKGROUND

In May 1989 Howard Wagner and his wife, Ethel Mae Wagner, established the Wagner Family Trust (Trust) by a written trust agreement. Howard and Ethel were the sole beneficiaries of the Trust during their joint and individual lifetimes, and Howard was the designated trustee. The Trust named Graham, Howard and Ethel's only child, as the sole remainder beneficiary to receive the entire Trust estate upon the death of the surviving trustor.

The Trust provided it could be revoked in whole or in part with respect to community property by both trustors acting together, and with respect to separate property by the trustor who contributed that separate property to the Trust. The Trust also provided it could be amended "during the lifetime of both Trustors by an instrument in writing signed by both Trustors and delivered to the Trustee during their joint lifetimes." The Trust contained a "no contest" clause providing that any beneficiary contesting the validity of the Trust or challenging any amendment to the Trust would forfeit the right to any interest given to him or her by the Trust.[2]

Ethel died in July 1989. Howard met Lenzi shortly thereafter. At Howard's request, Lenzi, a stockbroker, reviewed and recommended

---

[1]Probate Code section 21320 provides in relevant part: "(a) If an instrument containing a no contest clause is or has become irrevocable, a beneficiary may apply to the court for a determination whether a particular motion, petition, or other act by the beneficiary . . . would be a contest within the terms of the no contest clause. [¶] (b) A no contest clause is not enforceable against a beneficiary to the extent an application under subdivision (a) by the beneficiary is limited to the procedure and purpose described in subdivision (a) and does not require a determination of the merits of the motion, petition, or other act by the beneficiary." An order under section 21320 determining whether a proposed motion, petition or other act by a beneficiary would be a contest within the meaning of a no contest clause is directly appealable. (*Scharlin* v. *Superior Court* (1992) 9 Cal.App.4th 162, 167 [11 Cal.Rptr.2d 448].) All further references are to the Probate Code unless otherwise specified.

[2]The no contest provision reads in relevant part: "In the event any beneficiary under this trust shall, singly or in conjunction with any other person or persons, contest in any court the

changes to the investment portfolio of the Trust. On January 5, 1993, Howard Wagner executed an amendment to the Trust which changed the distribution of the Trust residue upon death of the surviving trustor. The amendment provides that one-half of the residue is to be distributed to Gloria Graham, and the other half to "the Trustor's friend, ROBERT LENZI . . . ." The amendment also made Lenzi a successor cotrustee for asset management. Howard Wagner died in October 1993.

In November 1993, Graham filed an "Application . . . for Declaratory Relief Regarding Applicability of No Contest Clause." The application was accompanied by a proposed petition asserting four claims challenging Lenzi's right to take half of the Trust residue. The first claim alleges the gift to Lenzi is invalid under section 21350, subdivision (a)(1).[3] The second claim alleges the gift to Lenzi is invalid because it was procured through his undue influence. The third claim requests declaratory relief as to whether the Trust could be amended by Howard Wagner after the death of his wife. The fourth claim seeks declaratory relief as to whether Graham would be entitled to take the entire Trust estate as an heir of the trustors even if she were deemed to have forfeited her interest in the Trust as a beneficiary under the no contest clause. Pursuant to section 21320, Graham sought a judicial determination of whether any of these proposed claims would violate the no contest clause in the Trust.

The court concluded the first claim under section 21350 "is not a contest within the terms of the no contest clause to the extent of the allegations that Robert F. Lenzi caused the amendment to be 'drafted,' but would be a contest to the extent of the allegations that he caused the amendment to be 'transcribed.' " The court decided the second claim alleging undue influence is not a contest within the meaning of the no contest clause, and that the third claim "which seeks declaratory relief regarding whether the trust could be amended, is not a contest within the terms of the no contest clause because

validity of this trust or of a deceased Trustor's last will or shall seek to obtain an adjudication in any proceeding in any court that this trust or any of its provisions or that such Will or any of its provisions is void, or seek otherwise to void, nullify, or set aside this trust or any of its provisions, or challenge the transfer of assets into this Trust or any transfer of assets between the Trustors, then the right of that person to take any interest given to him or her by this trust shall be determined as it would have been determined had the person predeceased the execution of this declaration of trust without surviving issue. In the event any person or beneficiary challenges any amendment to this Trust by either Trustor, that person or beneficiary shall be deemed to be contesting this Trust. . . ."

[3]Section 21350, subdivision (a)(1) provides: "(a) Except as provided in Section 21351, no provision or provisions, of any instrument shall be valid to make any donative transfer to any of the following: [¶] (1) A person, including an attorney, conservator, or other person having a fiduciary relationship with the transferor, who drafted, transcribed, or caused to be drafted or transcribed the instrument."

of the holding of *Estate of Wernicke*, 16 Cal.App.4th 1069, 1075-76 [20 Cal.Rptr.2d 481]." Finally, the court ruled the fourth claim "which seeks declaratory relief regarding whether the no contest clause would apply to a contest by an heir of the trustor even if it applied to a contest by the same person as a beneficiary of the trust, would be a contest within the terms of the no contest clause . . . ."

## DISCUSSION

### I.  *Lenzi's Standing to Appeal as Trustee*

■ Lenzi is identified in the caption of his opening brief and in his papers filed in superior court as "Robert F. Lenzi, trustee." Graham argues Lenzi cannot appeal as trustee under *Smith* v. *Esslinger* (1994) 26 Cal.App.4th 579 [31 Cal.Rptr.2d 673].

While *Smith* supports the proposition that a trustee lacks standing to appeal an order under section 21320 determining whether a proposed action is a contest of the trust, an appellate court has discretion to disregard an appellant's designation as trustee when the appellant also has standing to sue in his or her individual capacity as a beneficiary. The appellate court may consider the representative designation as merely descriptive and treat the appeal as having been taken in the appellant's individual capacity. (See *Estate of Hawkins* (1987) 194 Cal.App.3d 102, 105 [239 Cal.Rptr. 464].)

In the present case, Lenzi has standing to appeal in his individual capacity as a beneficiary named in the amendment to the trust. In the interest of justice, we therefore treat his appeal as having been taken in his individual capacity.

### II.  *Construction of No Contest Clauses*

■ At issue in this appeal is whether the court erred in determining the applicability of the no contest clause in the Trust to claims asserted in Graham's proposed petition. We do not address the merits of the proposed petition itself.[4]

The rules pertaining to construction of no contest clauses are well settled. " 'The interpretation of a written instrument, including a . . . declaration of

---

[4]Most of the argument in Lenzi's opening brief relates to the merits or viability of the claims in the proposed petition underlying Graham's application for declaratory relief under section 21320. Such argument, including that regarding the constitutionality of sections 21350 and 21351, is irrelevant to the instant appeal and properly addressed to the superior court if and when the proposed petition is filed.

trust, presents a question of law unless interpretation turns on the competence or credibility of extrinsic evidence or a conflict therein. Accordingly, a reviewing court is not bound by the lower court's interpretation but must independently construe the instrument at issue. . . .' [Citations.] . . . [¶] In construing a trust instrument, the intent of the trustor prevails and it must be ascertained from the whole of the trust instrument, not just separate parts of it. [Citation.]" (*Scharlin* v. *Superior Court, supra*, 9 Cal.App.4th at p. 168.)

"A contest is defined as 'an attack in a proceeding on an instrument or on a provision in an instrument.' (§ 21300, subd. (a).) A no contest clause is enforceable but will be strictly construed. (§§ 21303, 21304.) . . . [N]o contest clauses . . . are not to be extended 'beyond what was plainly the [trustor's] intent.' [Citation.] . . . Only where an act comes strictly within the express terms of the forfeiture clause may a breach thereof be declared. . . .' [Citation.]" (9 Cal.App.4th at pp. 168-169; see also *Burch* v. *George* (1994) 7 Cal.4th 246, 254-255 [27 Cal.Rptr.2d 165, 866 P.2d 92].)

### III.   *First Claim Under Section 21350*

■   The first claim for relief in Graham's proposed petition asserts that the provision of the Trust amendment leaving half of the Trust estate to Lenzi is invalid under section 21350, subdivision (a)(1). (See fn. 3, *ante*.)

Section 21350 invalidates donative transfers to certain "disqualified persons," including one who caused the donative instrument to be drafted or transcribed. Section 21351, subdivision (d) provides that section 21350 does not apply if "[t]he court determines, upon clear and convincing evidence, . . . that (1) the transfer was not the product of fraud, menace, duress, or undue influence[5] and (2) . . . the court finds that it is fair, just, and equitable to all interested persons to allow the transfer." Section 21350 implicitly requires a person whose interest in a trust is threatened by a transfer to a disqualified person to affirmatively invoke the protection of the statute by seeking a court order establishing the invalidity of the transfer. The burden then shifts to the transferee to justify the transfer under section 21351.

We disagree with Lenzi's assertion that Graham's act of invoking the protection of section 21350 constitutes a "contest." A section 21350 claim is not an "attack . . . on an instrument or . . . a provision in an instrument." (§ 21300, subd. (a).) Rather, it is a means of enforcing a specific statutory mandate. Viewed from such perspective, Graham's section 21350 claim is not a "contest" within the meaning of the Trust's no contest clause.

---

[5]In a typical contest of a will or trust, the burden is on the *contestant* to establish grounds for invalidating all or part of the instrument. (See § 8252.)

The public policy underlying section 21350 makes clear the Legislature did not intend to permit a transferee to invoke a no contest clause to prevent or deter enforcement of section 21350. In enacting sections 21350 and 21351, the Legislature was aware that certain individuals are uniquely positioned to procure gifts from elderly persons through fraud, menace, duress or undue influence. (See Sen. Rules Com., Off. of Sen. Floor Analyses, Analysis of Assem. Bill No. 21 (1993-1994 Reg. Sess.) as amended June 30, 1993, background par. 1.) To prevent such individuals from taking advantage of trustors and testators, the Legislature shifted the normal burden of proof in establishing an undue influence claim. (§ 21351, subd. (d).) While the Legislature did not expressly provide that no contest clauses are unenforceable against beneficiaries challenging gifts to such disqualified persons, such rule is inherent in the legislative scheme. A contrary rule would permit a disqualified person to effectively insulate himself or herself from the reach of section 21350 merely by persuading a trustor to insert a boilerplate no contest clause into the will or trust instrument.

Moreover, even before enacting section 21350, the Legislature declared no contest clauses unenforceable against beneficiaries bringing certain types of contests. Of particular relevance here, section 21307 precludes enforcement of a no contest clause against a beneficiary who contests, with probable cause, a provision in a donative instrument benefiting a person who drafted or transcribed the instrument, gave directions to the drafter, or acted as a witness to the instrument.[6] While Graham's claim does not fall squarely within this statutory prohibition,[7] the Law Revision Commission made clear that section 21307 is "not intended as a complete listing of acts that may be held exempt from enforcement of a no contest clause." (20 Cal. Law Revision Com. Rep., *supra*, at p. 245.) Recognizing this principle, our Supreme Court recently reaffirmed the judiciary's authority to "develop

---

[6]Section 21307 provides:
"A no contest clause is not enforceable against a beneficiary to the extent the beneficiary, with probable cause[,] contests a provision that benefits any of the following persons:
"(a) A person who drafted or transcribed the instrument.
"(b) A person who gave directions to the drafter of the instrument concerning dispositive or other substantive contents of the provision or who directed the drafter to include the no contest clause in the instrument, but this subdivision does not apply if the transferor affirmatively instructed the drafter to include the contents of the provision or the no contest clause.
"(c) A person who acted as a witness to the instrument."
[7]Section 21307, subdivisions (a) and (c) do not apply because Lenzi was not the actual drafter, transcriber or witness of the amended document. Section 21307, subdivision (b) does not apply because Graham did not allege Lenzi directed the drafter of the instrument without the concurrence of Howard. (See 20 Law Revision Com. Rep. (Dec. 1990) p. 245 [subdivision (b) applies only "where the beneficiary directs the drafter of the instrument *without concurrence of the transferor*" (italics added)].)

exceptions to the enforceability of [no contest] clauses," based on various factors including " 'the character of the beneficiary's contest.' " (*Burch v. George, supra,* 7 Cal.4th 246, 266, fn. 13.)

In recommending the enactment of section 21307, the California Law Revision Commission noted the danger of fraud and undue influence where transfers are made to persons participating in the drafting of the instrument, and stated that "[t]he proposed statutory exceptions to enforcement of a no contest clause are based on strong public policy grounds." (20 Cal. Law Revision Com. Rep., *supra,* at p. 13.) The policy underlying section 21307 arises from the trust and power a testator or trustor necessarily places in those who participate in the drafting of a will or trust instrument. Because such participants are in a position where they can easily control or influence the distribution of property under the instrument to their benefit and contrary to the true intent of the trustor or testator, the Legislature has deemed it appropriate to guard against potential abuses by enacting section 21307.

The same public policy implicated by section 21307 necessarily underlies section 21350, as both statutes essentially address the same concern, namely, the risk that transfers to persons who participate in the drafting of donative instruments may be procured by fraud, menace, duress or undue influence. Indeed, the policy underlying these statutes is expressly articulated in Evidence Code section 605, which provides that "[a] presumption affecting the burden of proof is a presumption established to implement some public policy other than to facilitate the determination of the particular action in which the presumption is applied, *such as the policy in favor of . . . the security of those who entrust themselves or their property to the administration of others.*" (Evid. Code, § 605, italics added.) Since sections 21350 and 21351 effectively establish a presumption affecting the burden of proof that a gift to a disqualified person was procured by fraud, menace, duress, or undue influence, the statutes must be viewed as implementing public policy, pursuant to Evidence Code section 605.

The policy favoring the security of those who entrust their property to the administration of others is undermined when a person who participates in the preparation of a donative instrument uses his or her position to procure gifts under the instrument by undue influence. (See § 6112, subd. (c); *Estate of Gelonese* (1974) 36 Cal.App.3d 854, 861-862 [111 Cal.Rptr. 833].) Conversely, the policy is furthered by allowing heirs and beneficiaries to invoke the protection of section 21350 without risking forfeiture under a no contest clause.

While no contest clauses are enforceable under California law, they are not sacrosanct. Strong public policy concerns require that Graham's section

21350 claim not be construed as a contest within the meaning of the Trust's no contest clause. Accordingly, we conclude the no contest clause is not enforceable against Graham to the extent she pursues the first claim in her proposed petition.[8]

### IV. *Third and Fourth Claims for Declaratory Relief*

■ The third claim of Graham's proposed petition requests declaratory relief as to whether the Trust could be amended by Howard Wagner after the death of his wife. The fourth claim seeks declaratory relief as to whether Graham would be entitled to take the entire Trust estate as an heir of the trustors even if she were deemed to have forfeited her interest in the Trust as a beneficiary under the no contest clause.

"[S]eeking an interpretation of a will does not in and of itself constitute an attempt to thwart the will of a testator. . . . 'Furthermore, it is the privilege and right of a party beneficiary to an estate at all times to seek a construction of the provisions of the will. An action brought to construe a will is not a contest within the meaning of the usual forfeiture clause, because it is obvious that the moving party does not by such means seek to set aside or annul the will, but rather to ascertain the true meaning of the testatrix and to enforce what she desired.' " (*Estate of Kruse* (1970) 7 Cal.App.3d 471, 476 [86 Cal.Rptr. 491].)

Applying this principle to the instant case, we conclude that Graham's third and fourth claims for declaratory relief would not be contests within the meaning of the no contest clause at issue here, as they seek construction of the terms of the Trust. While the third claim may indirectly challenge the amendment, it essentially seeks to ascertain the trustors' intent regarding their power to amend rather than thwart that intent.[9]

Likewise, the fourth claim in Graham's proposed petition is purely a request to construe particular provisions of the Trust, and the interplay

---

[8]The court held Graham's section 21350 claim was a contest "to the extent of the allegations that [Lenzi] caused the amendment to be 'drafted,' but would be a contest to the extent of the allegations that he caused the amendment to be 'transcribed.' " We find the distinction to be without merit. Further, in light of our conclusion that Graham's first claim for relief under section 21350 would not trigger the no contest clause, we need not address Graham's other arguments regarding the applicability of the no contest clause to the first claim.

[9]The court's reliance on *Estate of Wernicke* (1993) 16 Cal.App.4th 1069, 1075 [20 Cal.Rptr.2d 481] suggests the court considered the merits of the third proposed claim rather than its character in relation to the no contest clause. Again, we decline to address the merits of the proposed claim, as that matter is not squarely before us on this appeal. In any event, the order of the probate court is properly upheld on appeal if it is correct for any reason, regardless of the correctness of the reasoning upon which the probate court based its

between those provisions. Specifically, Graham seeks a determination of whether she remains entitled to an interest in the Trust as an heir of the trustors under the ultimate distribution provisions of the Trust, even if she forfeits her interest in the Trust as a beneficiary under the no contest clause. This request for declaratory relief also seeks to ascertain the true meaning of the trustors' intent rather than to thwart their wishes in creating the Trust. Accordingly, neither the third nor fourth claims for declaratory relief in Graham's proposed petition would constitute a contest within the meaning of the no contest clause of the Trust.[10]

DISPOSITION

The order of the probate court is reversed insofar as it concludes that portions of the first claim and fourth claim for relief in Graham's proposed petition are contests. The order is otherwise affirmed. Graham is entitled to costs on appeal.

Kremer, P. J., and Hoffman, J.,* concurred.

---

conclusion. (See *United Pacific Ins. Co.* v. *Hanover Ins. Co.* (1990) 217 Cal.App.3d 925, 933 [266 Cal.Rptr. 231].)

[10]We do not address or comment on the propriety of the court's ruling on the second claim in the proposed petition, including the court's application of *Scharlin* v. *Superior Court, supra,* 9 Cal.App.4th 162 to that claim, as Lenzi does not argue that the court erred in finding the second claim was not a contest. Issues not raised in an appellant's brief may be deemed waived or abandoned. (*Tan* v. *California Fed. Sav. & Loan Assn.* (1983) 140 Cal.App.3d 800, 811 [189 Cal.Rptr. 775].)

*Judge of the San Diego Superior Court sitting under assignment by the Chairperson of the Judicial Council.