85 Cal.Rptr.2d 110 (1999)
72 Cal.App.4th 431
Estate of Gladys N. PETERSON, Deceased.
Sandra Sue O'Dell, as Executor, etc., Petitioner and Respondent,
v.
Patricia M. McKenna, Objector and Appellant.
No. E022931.
Court of Appeal, Fourth District, Division Two.
May 24, 1999.
Review Denied August 25, 1999.
*111 Ward & Ward, Alexandra S. Ward, San Bernardino; Hartnell, Horspool & Fox and Donald R. Ferguson, Redlands, for Objector and Appellant.
Donald Perry Rhoads, Lake Arrowhead, for Petitioner and Respondent.

OPINION
GAUT, J.

1. Introduction

Patricia M. McKenna (McKenna), daughter of decedent Gladys N. Peterson, filed a will contest naming the executor, her sister Sandra Sue O'Dell (O'Dell). The trial court entered judgment against McKenna on April 13, 1998,[1] finding that the decedent had testamentary capacity, consulted with her own lawyer regarding the provisions of the will, had properly executed the will, and had not been under undue influence from O'Dell or any other third party. That judgment ordered admission of the will. No appeal was filed from that decision and that judgment is final.
After entry of the judgment in the will contest, the trial court heard and granted O'Dell's motion to enforce the no contest clause in the will of the decedent. McKenna appeals from that decision, arguing that Probate *112 Code section 21307[2] exempts her from the effect of the no contest provision in her mother's will.
The issue in this case is solely the scope of the exemption granted by section 21307 from a no contest provision in a will.
We conclude that McKenna's action satisfied the requirements of section 21307 and therefore we reverse the trial court order enforcing the no contest provision.

2. Facts

Gladys N. Peterson, the decedent (Decedent), died on February 15, 1996. Her will, dated February 9, 1996, listed her adult children: O'Dell, McKenna, and Harold W. Peterson, her son. The will left Decedent's home and most of the tangible personal property to O'Dell. The residue of the estate was left one-third to McKenna and two-thirds to O'Dell. The will named O'Dell as executor.
The will contained the following provision:
"No ContestContestant Disinherited: If any beneficiary under this will in any manner, directly or indirectly, contests or attacks this will or any of its provisions, any share or interest in my estate given to that contesting beneficiary under this will is revoked and shall be disposed of in the same manner provided herein as if that contesting beneficiary had predeceased me without leaving issue."
O'Dell filed the petition for probate of the will and for letters testamentary on March 4, 1996. On May 6, 1996, McKenna filed objections to probate of the will under section 8250. The trial court heard testimony on the objections and on April 13,1998, rendered its judgment rejecting the objections. Thereafter, at O'Dell's request, the trial court ordered enforcement of the no contest provisions of the Decedent's will.

3. Standard of Review

The final judgment in the underlying will contest action establishes the facts underlying Decedent's execution of her will, leaving only the interpretation of section 21307[3] at issue in this appeal. The interpretation of a statute is a question of law which we review de novo. (Florio Lou (1998) 68 Cal.App.4th 637, 641, 80 Cal.Rptr.2d 409.)

4. Probate Code Section 21307

The parties agree that whether the no contest provision of the Decedent's will applies to McKenna's contest action depends upon section 21307. "[S]ection 21307 precludes enforcement of a no contest clause against a beneficiary who contests, with probable cause, a provision in a donative instrument benefiting a person who drafted or transcribed the instrument, gave directions to the drafter, or acted as a witness to the instrument." (Graham Lenzi (1995) 37 Cal.App.4th 248, 256, 43 Cal.Rptr.2d 407, fn. omitted.)
McKenna argues that she had probable cause to file the contest against a defendant described in section 21307, and points to the trial court's observation that there is "no question in my mind that there is probable cause. There is a reasonable suspicion that was had by Ms. McKenna. I believe that. Her reasonable suspicion was that it was undue influence or fraud in this case."
O'Dell asserts that probable cause is not enough. Before a contestant can invoke section 21307 to avoid the penalty of a no contest clause, two elements must be present: 1) the contestant must have probable cause to bring the contest, and 2) the person against whom the contest is filed must in fact be a person described in one of the three subdivisions of section 21307. O'Dell argues that even if McKenna had probable cause to file *113 the contest, she failed to prove O'Dell was a person described in one of the three subdivisions of section 21307 and therefore McKenna cannot avoid the no contest penalty.
O'Dell cites four cases which she contends support her interpretation of section 21307. In Genger v. Delsol (1997) 56 Cal.App.4th 1410, 66 Cal.Rptr.2d 527, the trial court found no probable cause to file the contest and the appellate court did not determine the standard for evaluating whether the beneficiary acted with probable cause, (Id., at p. 1428, fn. 16, 66 Cal.Rptr.2d 527.) O'Dell relies on the court's language that the contest must be "... brought with probable cause and the contest is of a certain type, i.e.,... an attack on a provision benefiting the drafter (§ 21307)" as support for its interpretation of the section. (Id., at p. 1428, 66 Cal.Rptr.2d 527.) We do not find that language supports O'Dell's position. It says no more than that there must be probable cause for the contest and that the contest must be based upon a provision benefiting a person described in one of the three subdivisions of section 21307. The court did not consider whether the defendant in the contest must have in fact been one of those described in section 21307.
The other cases cited by O'Dell shed no additional light on the issue. Burch v. George (1994) 7 Cal.4th 246, 27 Cal.Rptr.2d 165, 866 P.2d 92, Estate of Ferber (1998) 66 Cal.App.4th 244, 77 Cal.Rptr.2d 774, and Graham v. Lenzi, supra, 37 Cal.App.4th 248, 43 Cal.Rptr.2d 407, refer to § 21307 only in passing, without analysis.

5. Interpretation of Section 21307

The application of "probable cause" in section 21307 appears to be an issue of first impression. Neither party has cited us to a case which applies that term to an actual will contest. Nor have we found such a case. We must therefore attempt to determine the intention of the Legislature in enacting the section. (Professional Engineers v. Wilson (1998) 61 Cal.App.4th 1013, 1019, 72 Cal. Rptr.2d 111.)
To begin with, it is clear that no contest provisions are enforceable in California. "No contest clauses are valid in California and are favored by the public policies of discouraging litigation and giving effect to the purposes expressed by the testator." (Burch v. George, supra, 7 Cal.4th at p. 254, 27 Cal.Rptr.2d 165, 866 P.2d 92.) Although the no contest clause is strictly construed, "... it is the testator's intentions that control...." (Id., at p. 255, 27 Cal.Rptr.2d 165, 866 P.2d 92.)
Section 21307 relieves the beneficiary of a will from the penalty of a no contest provision if the person against whom the contest is directed is one who could improperly influence or control the testator. "The policy underlying section 21307 arises from the trust and power a testator or trustor necessarily places in those who participate in the drafting of a will or trust instrument. Because such participants are in a position where they can easily control or influence the distribution of property under the instrument to their benefit and contrary to the true intent of the trustor or testator, the Legislature has deemed it appropriate to guard against potential abuses by enacting section 21307." (Graham v. Lenzi supra, 37 Cal. App.4th at p. 257, 43 Cal.Rptr.2d 407.)
The 1989 third reading analysis of the Senate Rules Committee of Assembly Bill No. 158 contained the following observation: "This bill codifies existing law and also permits a beneficiary to contest the will, without triggering the no contest clause, when another beneficiary (a) drafted or transcribed the will or (b) gave directions concerning gifts or other substantive contents to the person who drafted the will without the transferor's specific instructions. However, the bill requires that the person contesting the will have good cause to do so." We equate that reference to "good cause" with the requirement of "probable cause" contained in section 21307.
O'Dell argues that not only must the contesting party have probable cause to file the contest, but the party against whom the contest is directed must actually have drafted the instrument, have given directions to the drafter, or have witnessed the instrument. We do not agree with O'Dell's interpretation of section 21307. The legislative history of section 21307 indicates only that *114 the section requires the person contesting the will have "good cause to do so." That history does not suggest that the contestant must prove good or probable cause and also that the defendant was a person described in one of the three subdivisions of section 21307.
O'Dell's interpretation of section 21307 renders probable cause irrelevant. The only relevant factor would be whether the respondent was in fact a person described in one of the section's three subdivisions. A trial court finding that the respondent either drafted or directed the drafting of the will would satisfy the requirement of probable cause, regardless of the frame of mind of the contestant at the time he or she filed the contest. On the other hand, if a trial court found that the respondent did not draft or direct the drafting of the will, it would make no difference that the contestant filed the petition with probable cause.
The legislative history does not suggest an interpretation of section 21307 which would result in disregarding probable cause. We do not believe the Legislature intended to require a contestant to risk, at the time the contest is filed, that he or she would definitively establish the defendant was a person described in one of the three subdivisions of section 21307. It is enough for the trial court to find that there was probable cause to believe the defendant was a person described in section 21307. Principles of interpretation caution against reading a statute so as to achieve absurd results, or results inconsistent with the apparent legislative intent. (People v. Cruz (1996) 13 Cal.4th 764, 782-783, 55 Cal.Rptr.2d 117, 919 P.2d 731.) The objective of the section is to protect against improper influences in the preparation of the instrument. Proof that the contestant had probable cause to believe such influences existed suffices to prevent potential abuses and at the same time ensure that the testator's true wishes are carried out.

6. Disposition

The trial court order enforcing the no contest provision of the will is reversed. The case is remanded to the trial court to modify its decision by denying the motion to enforce the no contest provision. Each party shall bear her own costs.
RAMIREZ, P.J., and HOLLENHORST, J., concur.
NOTES
[1] The record is unclear as to exactly when the judgment was entered. On March 18, 1998, a "Judgment on Decision by Court" was filed by the superior court, but the signature by Judge Heene was dated April 3, 1998. An order granting motion for judgment (Code Civ. Proc, § 631.8), containing numerous findings of fact and law, was signed by Judge Heene on April 13, 1998, and filed on that same date. We use the latest of the confusing dates as the date of entry of judgment.
[2] All further statutory references are to the Probate Code unless otherwise stated.
[3] Section 21307: "A no contest clause is not enforceable against a beneficiary to the extent the beneficiary, with probable cause, contests a provision that benefits any of the following persons: [¶] (a) A person who drafted or transcribed the instrument. [¶] (b) A person who gave directions to the drafter of the instrument concerning dispositive or other substantive contents of the provision or who directed the drafter to include the no contest clause in the instrument, but this subdivision does not apply if the transferor affirmatively instructed the drafter to include the contents of the provision or the no contest clause. [¶] (c) A person who acted as a witness to the instrument.