[No. B129808. Second Dist. Div. Three. Sept. 18, 2000.]

ROLAND HOLMES, Plaintiff and Appellant, v.
BILL JONES, as Secretary of State, etc., et al., Defendants and
Respondents.

884

**COUNSEL**

Roland Holmes, in pro. per., for Plaintiff and Appellant.

Bill Lockyer, Attorney General, Linda A. Cabatic, Assistant Attorney General, Paul H. Dobson and Julia Y. Je, Deputy Attorneys General, for Defendants and Respondents.

## OPINION

### KITCHING, J.—

#### INTRODUCTION

Plaintiff filed an action challenging the length of a "title and summary" prepared by the Attorney General for a petition circulated for voters' signatures before a proposed initiative was approved to appear on the ballot. Elections Code section 9002 limits the Attorney General's "title and summary" to 100 words. We find that additional text, which estimated the fiscal impact of the proposed initiative and which the Attorney General obtained from other sources pursuant to Elections Code section 9005,[1] should not be counted as part of the 100-word limit imposed by section 9002. We conclude that no statutory violation occurred, and affirm the sustaining of the demurrer and dismissal of the complaint.

Plaintiff Roland Holmes (Holmes) named Bill Jones, Secretary of State of the State of California, and Daniel E. Lungren, Attorney General of the State of California, as defendants in a complaint alleging that the title and summary prepared for the California Civil Rights Initiative (Proposition 209) violated sections 9002, 9004, and 9051, because it exceeded 100 words in length.

The trial court sustained a demurrer without leave to amend and filed a signed order of dismissal. After defendants served a notice of entry of the order of dismissal, Holmes filed a timely notice of appeal.

#### FACTS

Pursuant to the standard of reviewing the sufficiency of a complaint against a general demurrer (*Rakestraw v. California Physicians' Service* (2000) 81 Cal.App.4th 39, 42-44 [96 Cal.Rptr.2d 354]), Holmes's complaint contains the following allegations. Before the November 5, 1996, general election, pursuant to section 9002 the Attorney General prepared a "title and summary" for a petition circulated among California voters for signatures to qualify Proposition 209 for the ballot.

Pursuant to section 9005, the Attorney General requested an estimate of fiscal impact, prepared by the Joint Legislative Budget Committee and the Department of Finance. The Attorney General provided a copy of the title and summary and the fiscal estimate to the Secretary of State.

---

[1]Unless otherwise specified, all statutes in this opinion will refer to the Elections Code.

The petition circulated to voters for signatures stated: "The Attorney General of California has prepared the following title and summary of the chief purposes and points of the proposed measure: [¶] PROHIBITION AGAINST DISCRIMINATION OR PREFERENTIAL TREATMENT BY STATE AND OTHER PUBLIC ENTITIES. INITIATIVE CONSTITUTIONAL AMENDMENT. Prohibits the state, local governments, districts, public universities, colleges, and schools, and other government instrumentalities from discriminating against or giving preferential treatment to any individual or group in public employment, public education, or public contracting on the basis of race, sex, color, ethnicity, or national origin. Exempts reasonably necessary sex-based classifications and actions necessary for receipt of federal funds from prohibition. Mandates enforcement to the extent permitted by federal law. Requires uniform remedies for violations. Provides for severability of provisions if invalid. Summary of estimate by Legislative Analyst and Director of Finance of fiscal impact on state and local governments: The measure would result in annual savings in public employment and contracting costs, potentially in the tens of millions of dollars, and potential annual savings in state higher education programs of up to $50 million. Funds (potentially in the tens of millions of dollars) currently spent on affected programs in the public schools and community colleges would most likely become available for other education programs. Savings could be more or less depending upon court decisions on legal issues in program areas covered by this measure."

Holmes filed a petition for writ of mandate in the Supreme Court of the State of California. Like his subsequently filed complaint in this appeal, it alleged that the Attorney General's title and summary violated the 100-word limit in sections 9002, 9004, and 9051. Holmes's petition sought a writ of mandate directing the Secretary of State, the Attorney General, and county Registrars of Voters to refrain from qualifying, certifying, or placing the California Civil Rights Initiative on the November 1996 California ballot. The California Supreme Court denied Holmes's petition on April 11, 1996.

California voters enacted Proposition 209 in the November 5, 1996, General Election. Proposition 209 added section 31 to article I of the California Constitution. Holmes filed his complaint on August 19, 1998.

Holmes's complaint alleged that the Secretary of State has a statutory duty to evaluate whether initiatives to be submitted to California voters qualify for the ballot and to prepare qualified initiatives for the ballot. Section 9002 charges the Attorney General with providing a title and summary for initiative petitions to be circulated among California voters for their signatures. The Elections Code limits the title and summary to 100 words (§§ 9002, 9004, and 9051). Holmes alleged that the title and summary defendants

prepared for the California Civil Rights Initiative (Proposition 209) exceeded the 100-word limit and violated the Elections Code. The complaint alleged that the Attorney General and Secretary of State failed to correct this violation, and knowingly and willfully participated in circulating an illegal document known as the California Civil Rights Initiative throughout California.

Holmes's complaint sought a declaratory judgment declaring the parties' rights and duties under Proposition 209, declaring that Proposition 209 is void and without force or effect, and immediately reinstating all programs affected by passage of Proposition 209, including the Governor's Executive Order.

The order of dismissal found, inter alia, that the 100-word limit applied only to the title and summary and not to the statement of fiscal impact.

## ISSUE

The issue is whether the title and summary violated section 9002 because it exceeded 100 words.

## DISCUSSION

Section 9002 states, in relevant part: "Prior to the circulation of any initiative or referendum petition for signatures, a draft of the proposed measure shall be submitted to the Attorney General with a written request that a *title and summary* of the *chief purpose and points* of the proposed measure be prepared. The title and summary shall not exceed a total of 100 words." (Italics added; see also Cal. Const. art II, § 10, subd. (d).) Section 9002 thus limits the Attorney General's "title and summary" to 100 words. It also requires the title and summary to set forth "the chief purposes and points of the proposed measure." Section 9004 reiterates the latter requirement.

Section 9005 imposes an additional requirement on the Attorney General. Section 9005 states, in relevant part: "Notwithstanding Section 9004, the Attorney General, in preparing a title or summary for an initiative measure, shall determine whether the substance thereof if adopted would affect the revenues or expenditures of the state or local government, and if he or she determines that it would, he or she shall *include* in the title either the estimate of the amount of any increase or decrease in revenues or costs to the state or local government, or an opinion as to whether or not a substantial net change in state or local finances would result if the proposed initiative is

adopted. [¶] The estimates as required by this section shall be made jointly by the Department of Finance and the Joint Legislative Budget Committee, who shall deliver them to the Attorney General so that he or she may *include* them in the titles prepared by him or her." (Italics added.)

■ The issue is whether a financial estimate or opinion is counted as part of the 100-word limit of section 9002. We conclude that the financial estimate or opinion, if required, is an addition to the title and summary prepared by the Attorney General and is therefore not included in the 100-word limit.

1. *Standard of Review*

■ With regard to the general question of this court's standard of review of statutory language, the interpretation of a statute presents a question of law, which this court reviews de novo. (*Estate of Peterson* (1999) 72 Cal.App.4th 431, 434 [85 Cal.Rptr.2d 110].) ■ With regard to the more specific question of this court's standard of reviewing section 9002, we adopt the standard of review in *Epperson v. Jordan* (1938) 12 Cal.2d 61 [82 P.2d 445]. *Epperson* addressed the requirement that the Attorney General " 'prepare a title, and summary of the chief purpose and points of said proposed measure, said title and summary not to exceed one hundred words in all[.]' " (*Id.* at p. 65, italics omitted, quoting former Cal. Const., art. IV, § 1, repealed Nov. 8, 1966.) *Epperson* states: "In approaching the question as to whether the title so prepared is a proper one all legitimate presumptions should be indulged in favor of the propriety of the attorney-general's actions. Only in a clear case should a title so prepared be held insufficient. Stated another way, if reasonable minds may differ as to the sufficiency of the title, the title should be held to be sufficient. These rules of construction are in accord with the fundamental concept that provisions relating to the initiative should be liberally construed to permit, if possible, the exercise by the electors of this most important privilege." (*Epperson v. Jordan, supra,* 12 Cal.2d at p. 66.)

2. *Interpreting Sections 9002 and 9005 in a Reasonable Manner, We Conclude That No Statutory Violation Occurred*

■ The goal of statutory construction is to ascertain and apply the intent of the Legislature. To determine that intent, a court first looks to the statutory words themselves, giving to the language its usual and ordinary import. The court construes statutory words in context, keeping in mind the statutory purpose. Statutory sections relating to the same subject must be harmonized, both internally and with each other, to the extent possible.

(*Barajas v. Oren Realty & Development Co.* (1997) 57 Cal.App.4th 209, 216-217 [67 Cal.Rptr.2d 62].) Where construction of a statute is necessary, interpretation should produce a reasonable result. Where uncertainty exists, the court must consider the consequences that will flow from a particular interpretation. (*Id.* at p. 217; *Angelier v. State Board of Pharmacy* (1997) 58 Cal.App.4th 592, 601 [68 Cal.Rptr.2d 213].) If a statute gives rise to two alternative interpretations, the court should follow the one leading to the more reasonable result. (*Greening v. Johnson* (1997) 53 Cal.App.4th 1223, 1229 [62 Cal.Rptr.2d 214].)

 The uncertainty in section 9005 stems from its two uses of the word "include," italicized in the quotation, *ante*. One interpretation would construe "include" to mean that the Attorney General should "include" the fiscal estimate or opinion in the title and summary and should therefore count the words of the fiscal estimate or opinion in calculating the 100-word limit of section 9002. This interpretation, however, would create the possibility that a lengthy fiscal estimate or opinion would reduce the number of words available to the Attorney General. This result is unreasonable.[2]

The second interpretation would construe "include" to mean that the Attorney General should "include" the fiscal estimate or opinion in the title and summary in the sense that it should be printed along with the title and summary and be placed before voters deciding whether to sign a circulating petition for a proposed ballot initiative. We believe this is the more reasonable interpretation. We see no indication that the Legislature intended the 100-word limit of section 9002 to apply to the financial estimate or opinion prepared pursuant to section 9005.

Section 9002 does not mention a fiscal estimate or opinion, and as noted, section 9005 does not mention a 100-word limit. Furthermore, the content of the Attorney General's summary required by section 9002 differs from the content of the fiscal estimate or opinion required by section 9005. Instead of "the chief purpose[s] and points of the proposed measure," the fiscal estimate or opinion comprises "either the estimate of the amount of any increase or decrease in revenues or costs to the state or local government, or an

---

[2]The statutes impose no word limit on the fiscal estimate or opinion. It would be unreasonable to count the words in the fiscal estimate or opinion in calculating the 100-word limit of the title and summary. If the 100-word limit is calculated by counting every word in the fiscal estimate or opinion, a lengthy fiscal estimate or opinion would leave little or no room for the Attorney General's title and summary. This could create the possibility that the Attorney General's compliance with one statutory requirement (obtaining the fiscal estimate or opinion) could cause the Attorney General to violate another part of the statute (preparation of a title and summary). The opposite problem could also arise, with the Attorney General's 100-word title and summary leaving no words remaining for the fiscal estimate or opinion.

opinion as to whether or not a substantial net change in state or local finances would result if the proposed initiative is adopted." (§ 9005.) Although the Attorney General determines if a fiscal estimate or opinion is needed, section 9005 does not authorize or require the Attorney General to prepare it. Section 9005 gives this task to the Department of Finance and the Joint Legislative Budget Committee. Differing from the Attorney General's title and summary in content, authorship, and in its statutory authorization, the fiscal estimate or opinion should not be included in calculating the 100-word limit of section 9002.

Another Elections Code statute also provides a basis for concluding that if the Legislature had intended to bring the fiscal estimate or opinion within the 100-word limit of section 9002, it would have done so expressly. Section 13247, relating to ballot printing specifications, requires ballots to abbreviate measures submitted to the voters. Section 13247 states:

"(a) The statement of all measures submitted to the voters shall be abbreviated on the ballot. The statement shall contain not more than 75 words of each measure to be voted on, followed by the words, 'Yes' and 'No.' Abbreviation of measures to be voted on throughout the state shall be composed by the Attorney General and shall be a condensed statement of the ballot title prepared by him or her.

"(b) For purposes of measures to be voted on throughout the state, the limitation contained in subdivision (a) shall apply to the total number of words used in the condensed statement of the ballot title and the financial impact summary prepared pursuant to Section 9087, and Section 88003 of the Government Code."

The Legislature enacted section 13247 as part of the same legislation enacting section 9002. (Stats. 1994, ch. 920, § 2, pp. 5055, 4914.) ▮ Where a statute with reference to one subject contains a given provision, omission of that provision from a similar statute concerning a related subject shows that a different intention existed. (*Traverso v. People ex rel. Dept. of Transportation* (1993) 6 Cal.4th 1152, 1166 [26 Cal.Rptr.2d 217, 864 P.2d 488].) ▮ Section 13247 specifically subjects the financial impact summary to a statutory word limit. Section 9002 does not. We therefore conclude that the Legislature did not intend that the fiscal estimate or opinion be used in calculating the 100-word limit of section 9002. Where the Legislature applies a term or phrase in one statute (§ 13247) but excludes it in another (§ 9002), it should not be implied where excluded. (*California Radioactive Materials Management Forum v. Department of Health Services* (1993) 15 Cal.App.4th 841, 857 [19 Cal.Rptr.2d 357].)

■ This court liberally construes initiative provisions to permit, if possible, the electors' exercise of that privilege. (*Epperson v. Jordan, supra,* 12 Cal.2d at p. 66.) ■ This court attempts to harmonize different parts of a statutory scheme, and to construe statutory language with a view toward achieving a result that corresponds to legislative intent and avoids an absurd or unworkable result. (*Estate of Peterson, supra,* 72 Cal.App.4th at p. 437; *City of Oakland v. Superior Court* (1996) 45 Cal.App.4th 740, 757 [53 Cal.Rptr.2d 120].) If the statutes do not contemplate this result, we invite the Legislature to amend them if it determines that the matter needs clarification. (*People v. Magill* (1986) 41 Cal.3d 777, 781, fn. 4 [224 Cal.Rptr. 702, 715 P.2d 662]; *Lopez v. Tulare Joint Union High School Dist.* (1995) 34 Cal.App.4th 1302, 1333-1334 [40 Cal.Rptr.2d 762].)

## DISPOSITION

The order of dismissal is affirmed. Costs on appeal awarded to defendants.

Croskey, Acting P. J., and Schneider, J.,* concurred.

A petition for a rehearing was denied October 17, 2000, and the opinion was modified to read as printed above. Appellant's petition for review by the Supreme Court was denied December 13, 2000.

---

*Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.