113 Cal.Rptr.2d 537 (2001)
93 Cal.App.4th 667
FARMERS INSURANCE EXCHANGE et al., Plaintiffs and Appellants,
v.
Harry W. LOW, as Insurance Commissioner, etc., et al., Defendants and Respondents;
Fireman's Fund Insurance Companies et al., Interveners and Appellants;
Consumers Union of U.S., Inc., et al., Interveners and Respondents.
United Services Automobile Association et al., Plaintiffs and Appellants.
v.
Harry W. Low, as Insurance Commissioner, etc., Defendant and Respondent;
Fireman's Fund Insurance Companies et al., Interveners and Appellants;
Consumers Union Of U.S., Inc., et al., Interveners and Respondents.
Nos. F035196, F035198.
Court of Appeal, Fifth District.
November 1, 2001.
Review Granted January 16, 2002.
*539 Horvitz & Levy and Mitchell C. Tilner and Daniel J. Gonzalez, Encino; Barger & Wolen and Steven H. Weinstein, Los Angeles, Richard G. De La Mora and Robyn E. King, for Plaintiffs/Interveners and Appellants, Farmers Insurance Exchange, Fire Insurance Exchange, Truck Insurance Exchange, Safeco Insurance Companies, and for Fireman's Fund Insurance Companies; Forrest, Henderson, Sloan & Davis and Theodore R. Forrest, Jr., and Jeffrey P. Davis, for Plaintiffs and Appellants Farmers Insurance Exchange, Fire Insurance Exchange and Truck Insurance Company; LeBoeuf, Lamb, Greene & MacRae and R. Scott Puddy for Plaintiffs and Appellants United Services Automobile Association, USAA Casualty Insurance, Allstate Insurance Company, Allstate Indemnity Company and Deerbrook Insurance Company and Interveners and Appellants Allstate Insurance Company and Allstate Indemnity Company and Deerbrook Insurance Company.
*540 Heller, Ehrman, White & McAuliffe and Paul Alexander and Vanessa Wells, Palo Alto, for State Farm Mutual Automobile Insurance Company, State Farm Fire and Casualty Company and State Farm General Insurance Company, Amicus Curiae on behalf of Appellants.
Bill Lockyer, Attorney General, Lawrence K. Keethe, Steven J. Green, Kristin M. Daily and Robert Asperger, Deputy Attorneys General, for Defendants and Respondents.
Public Advocates, Inc. and Mark Savage, John T. Affeldt, San Francisco, and Maria E. Andrade, for Interveners and Respondents Consumers Union of U.S., Inc., National Council of La Raza, Korean Youth and Community Council, Oakland Chinese Community Council, Southern Christian Leadership Conference of Greater Los Angeles.

*538 OPINION
CORNELL, J.
This dispute concerns records and reports made by various insurance companies to the Insurance Commissioner of California, which, by definition, are public records. (Gov.Code, § 6252, subd. (d).) The records detail for every ZIP code in California the number of exposures[1] and the premium dollars earned by an insurer. The Insurance Commissioner agreed to disclose the records after receiving a request for the data from various consumers groups.
Appellants Farmers Insurance Exchange (Farmers), United Services Automobile Association (USAA), USAA Casualty Insurance Company, Fireman's Fund Insurance Companies, General Insurance Company of America, First National Insurance Company of America, Safeco Insurance Company of America, Safeco Insurance Company of Illinois, Safeco Insurance Company of Pennsylvania, Allstate Insurance Company, Allstate Indemnity Company, Deerbrook Insurance Company and Amicus Curiae State Farm Insurance Companies (collectively Insurers), assert the trial court abused its discretion when it denied their application for a preliminary injunction preventing disclosure of the records. Insurers contend the data is a trade secret exempt from disclosure by Government Code section 6254, subdivision (k) and the trial court erroneously interpreted Insurance Code section 1861.07 in denying their application.
Respondents the Insurance Commissioner of the State of California, the California Department of Insurance, the Southern Christian Leadership Conference of Greater Los Angeles, the National Council of La Raza, the Korean Youth and Community Council, the Oakland Chinese Community Council and Consumers Union of U.S., Inc. (collectively, the Commissioner), assert the trial court properly interpreted the statutes and regulations. The Commissioner argues the exemption in Government Code section 6254, subdivision (k) was eliminated for this data by Insurance Code section 1861.07.
We conclude the data at issue is covered by Insurance Code section 1861.07, but that this section did not eliminate the exemption from disclosure found in Government Code section 6254, subdivision (k). As the trial court did not consider this exemption from disclosure, we remand to the trial court for further proceedings.

FACTUAL AND PROCEDURAL SUMMARY

A. Background
In 1994, California Code of Regulations, Title 10 section 2646.6 was promulgated *541 (Regulation 2646.6). Since it was last amended in 1996, this section has required every insurance company with more than 10 million dollars of sales annually in a specific line of insurance to file a Community Service Statement (CSS) with the Commissioner. (Reg.2646.6, subd. (a).) The information required by the CSS is reported separately for each ZIP code in California and includes what is referred to as Record A data.
Each reporting insurance company includes in its Record A report for each ZIP code in California (1) the total earned exposures, (2) the total earned premiums, (3) the total number of new exposures, (4) the total number of exposures which were cancelled, and (5) the total number of exposures which were not renewed. (Reg. 2646.6, subd.(b)(1).) This information must be reported separately for the following lines of insurance: private passenger automobile liability, private passenger automobile physical damage, homeowners multiple peril, commercial multiple peril, commercial automobile liability, commercial automobile physical damage, fire, and liability other than automobile. (Reg. 2646.6, subd. (b)(1)(A)-(H).)
In addition to the Record A data, the CSS includes: (1) the number of offices maintained by the insurance company in every ZIP code including the type of service offered (Reg.2646.6, subd. (b)(2)), (2) the number of independent, captive, or employed agents and claims adjusters for the insurance company located in each ZIP code in which the insurer maintains an office (Reg.2646.6, subd. (b)(3)), (3) the number of direct mail or telephone solicitations for new insurance for every ZIP code for direct solicitation insurers (Reg.2646.6, subd. (b)(4)), (4) the number of agents and claims adjusters maintaining offices in each ZIP code who are conversant in a language other than English (Reg.2646.6, subd. (b)(5)), (5) the gender and race for each person who applied to the insurance company for insurance (Reg.2646.6, subd. (b)(6)),[2] (6) the number of applications received for each line of insurance by ZIP code (Reg.2646.6, subd. (b)(7)), and (7) the number of applications declined for each line of coverage by ZIP code (Reg.2646.6, subd. (b)(8)). The disclosure of this additional information is not an issue here.
This appeal arises from a trial court interpretation of Regulation 2646.6, subdivision (c) which provides that all the data submitted by the Insurers is subject to California Insurance Code section 1861.07.[3] This section states that all information provided pursuant to article 10, chapter 9, part 2 of division 1 of the Insurance Code (Article 10) shall be made available to the public.
In November 1999, the consumer groups requested the Commissioner disclose the CSS data submitted by the top five Insurers pursuant to Regulation 2646.6 for the years 1995, 1996 and 1997. The Commissioner wrote the Insurers, told them of the request and the Commissioner's intention to disclose the information.

B. The Farmer's Action
In response to the Commissioner's letter, Farmers filed a complaint for declaratory and injunctive relief in Fresno County Superior Court (No. 645146-2) naming the Insurance Commissioner and the Department of Insurance as defendants. The *542 thrust of the action was to prevent disclosure of the Record A information. Farmers applied for a temporary restraining order and moved for a preliminary injunction. The trial court granted the temporary restraining order and issued an order to show cause why a preliminary injunction should not issue. The Commissioner filed papers opposing the motion for preliminary injunction.
The parties stipulated, and the trial court ordered, that USAA, Fireman's Fund, Safeco, Allstate, and the consumer groups could intervene in the action. Complaints in intervention were filed. The insurance interveners joined in the motion for a preliminary injunction, while the consumer groups opposed it.
The trial court denied the motion for a preliminary injunction finding that section 1861.07 required disclosure of the documents. The trial court did not consider whether the information was a trade secret. The order dissolved the temporary restraining order.

C. The USAA Action
On the same date that Farmers filed its action, USAA filed a complaint for misappropriation of trade secrets in Fresno County Superior Court (No. 645144-7), also seeking to prevent disclosure of the CSS data. USAA also applied for a temporary restraining order and a preliminary injunction. The trial court issued the temporary restraining order and issued an order to show cause why a preliminary injunction should not issue.
It does not appear the trial court consolidated the Farmers action and the USAA action. However, the stipulation to intervene was signed by the parties in both actions and referred to both actions. Papers apparently were filed only one time, but were utilized in both actions. The order denying the application for the preliminary injunction referred to both actions.

D. Writ of Supersedeas
Each Insurer filed a notice of appeal and also filed a petition for a writ of supersedeas in this court seeking a stay of the trial court's order to the extent that it allowed the Commissioner to publish the Record A data. After receiving informal opposition, the requested writ was issued by this court staying the trial court's order and enjoining the Commissioner and interveners from disclosing the data pending further order or determination of the merits of the action.

DISCUSSION

I. Jurisdiction
The Commissioner asserts that Government Code section 6259, subdivision (c) does not allow an appeal from an order concerning disclosure of public records, and that the Public Records Act (PRA) (Gov.Code, § 6251 et. seq.) does not permit actions to prevent disclosure of public records. Accordingly, the Commissioner argues Insurers do not have standing, and consequently, this court does not have jurisdiction, to consider the merits of this appeal.
The Commissioner's reliance on Government Code section 6259[4] is misplaced. *543 This section authorizes one whose request to disclose a record has been denied by a public official to file a petition with the superior court seeking an order compelling disclosure of the record. The trial court's order compelling production of the record, or affirming that the record need not be produced, may be reviewed by the appellate court only through a writ of mandate.
This section is inapplicable because the order being reviewed by this court is one denying a motion for a preliminary injunction, not an order compelling disclosure of a public record. Orders denying a preliminary injunction are directly appealable. (Code Civ. Proc., § 904.1, subd. (a)(6); Department of Fish & Game v. Anderson-Cottonwood Irrigation District (1992) 8 Cal.App.4th 1554, 1560, 11 Cal. Rptr.2d 222.)
The cases cited by the Commissioner, Times Mirror Co. v. Superior Court (1991) 53 Cal.3d 1325, 283 Cal.Rptr. 893, 813 P.2d 240 and Powers v. City of Richmond (1995) 10 Cal.4th 85, 40 Cal.Rptr.2d 839, 893 P.2d 1160, are inapposite since they address Government Code section 6259, which, as we have explained, is inapplicable to this issue.

II. Standard of Review
The rules governing our review of an order denying a preliminary injunction are well settled. The decision to grant or deny a preliminary injunction rests in the sound discretion of the trial court. (IT Corp. v. County of Imperial (1983) 35 Cal.3d 63, 69, 196 Cal.Rptr. 715, 672 P.2d 121.) A trial court abuses its discretion only when it has exceeded the bounds of reason or contravened the uncontradicted evidence. (Ibid.) The burden rests with the party challenging the court's ruling to establish an abuse of discretion. (Ibid.)
"[T]rial courts should evaluate two interrelated factors when deciding whether or not to issue a preliminary injunction. *544 The first is the likelihood that the plaintiff will prevail on the merits at trial. The second is the interim harm that the plaintiff is likely to sustain if the injunction were denied as compared to the harm that the defendant is likely to suffer if the preliminary injunction were issued. [Citations.]" (IT Corp. v. County of Imperial, supra, 35 Cal.3d at pp. 69-70, 196 Cal. Rptr. 715, 672 P.2d 121.)
"[W]hen a trial court denies an application for a preliminary injunction, `it implicitly determines that the plaintiffs have failed to satisfy either or both of the "interim harm" and "likelihood of prevailing on the merits" factors. On appeal, the question becomes whether the trial court abused its discretion in ruling on both factors. Even if the appellate court finds that the trial court abused its discretion as to one of the factors, it nevertheless may affirm the trial court's order if it finds no abuse of discretion as to the other.' [Citation.]" (Hilb, Rogal & Hamilton Ins. Services v. Robb (1995) 33 Cal.App.4th 1812, 1819, 39 Cal.Rptr.2d 887.)

III. Regulation 2646.6 and Article 10
The first issue addressed by the parties is whether Regulation 2646.6 was promulgated pursuant to Article 10. The issue arises because Regulation 2646.6, subdivision (c) states in part:
"The Community Service Statement shall be subject to California Insurance Code section 1861.07....."
Section 1861.07 requires information provided to the Commissioner pursuant to Article 10 must be made available to the public.[5] Therefore, if the Record A data is provided to the Commissioner pursuant to Article 10, section 1861.07 requires the data be made available to the public unless it is otherwise exempt from disclosure.
Insurers assert that the Record A data is not promulgated pursuant to Article 10 because Article 10 is primarily concerned with rate regulation and Regulation 2646.6 is not a rate regulation. Insurers point out that Regulation 2646.6 is intended to ensure insurance company compliance with sections 679.71 and 11628, neither of which is located in Article 10. Finally, Insurers argue that Regulation 2646.6 was not promulgated pursuant to the non-rate provisions of Article 10. Insurers assert that these provisions are limited in scope (§ 1861.02), or that Article 10 does not incorporate other statutes, or the Commissioner does not have any right to enforce the other statutes (§ 1861.03).
Commissioner argues that Regulation 2646.6 is a rate regulation and, even if it is not a rate regulation, the scope of Article 10 exceeds ratemaking.
We agree with Insurers that Regulation 2646.6 was not promulgated to regulate rates. Rate regulation is covered extensively in Article 10. (See, e.g., §§ 1861.01, 1861.02, 1861.025, 1861.04, and 1861.05.) The data obtained pursuant to Regulation 2646.6 is not adequate to allow rate review, nor does it include the rates the Insurers are charging in any community. As Insurers point out, this information is obtained by the Commissioner, and made available to the public, through other regulations. The Commissioner has not presented any compelling arguments that convince us that this data is necessary or useful in determining rates.
*545 However, our conclusion that Regulation 2646.6 is not related to rate regulation does not compel the conclusion that Regulation 2646.6 is not promulgated pursuant to Article 10. In addition to rate regulation, Article 10 specifically provides that Insurers are subject to all laws applicable to other businesses, including the Unruh Civil Rights Act (Civ.Code, § 51) and the antitrust and unfair business practices laws, Parts 2 (commencing with § 16600) and 3 (commencing with section 17500) of Division 7 of the Business and Professions Code. (§ 1861.03, subd. (a).)
The Unruh Civil Rights Act prohibits discrimination in providing services based, among other categories, on race, sex or religion. (Civ.Code, § 51, subd. (b).) Regulation 2646.6 seeks information from the largest insurers in the state to determine if they are refusing to sell insurance to certain communities. If one race, one sex, or one religion dominates a community, this data could help locate a potential violation of the Unruh Civil Rights Act.
Also relevant is the law dealing with unfair business practices codified in Business and Professions Code section 17200. This section defines as unfair competition any unfair or fraudulent business acts or practices. Virtually any state, federal or local law can serve as the predicate act to constitute an unfair business practice. (Podolsky v. First Healthcare Corp. (1996) 50 Cal.App.4th 632, 647, 58 Cal.Rptr.2d 89.) Therefore, any violation of the statutory prohibitions against discrimination in the sales of insurance (§§ 679.71 & 11628) would constitute an unfair business practice.
The data gathered by Regulation 2646.6 could assist the Commissioner in detecting violations of the Unruh Civil Rights Act or identifying unfair business practices in the form of discrimination in the sales of insurance. Accordingly, Regulation 2646.6, and the data gathered thereby, were promulgated pursuant to section 1861.03, and consequently, Article 10.
Insurer's assertion that the Commissioner is unable to prosecute a violation of the Unruh Civil Rights Act is unavailing. The Attorney General can enforce such violations. (Civ.Code, § 52, subd. (c).) The Attorney General and the Commissioner are both part of the executive branch of our state government. (Cal. Const., art. III, § 3; Cal. Const., art. V, § 14, subd. (f), Gov.Code, § 1001.) We attach no significance to the fact that violations discovered by the Commissioner would be prosecuted by the Attorney General. Insurers also ignore the private right to seek injunctive relief for unfair business practices available to the Commissioner. (Bus. & Prof.Code, § 17204; Saunders v. Superior Court (1994) 27 Cal.App.4th 832, 839, 33 Cal.Rptr.2d 438.) Therefore, if it was necessary for the Commissioner to have the right to enforce a violation of Regulation 2646.6 to bring it within Article 10, a requirement we find does not exist, the right to enjoin unfair business practices would satisfy this requirement.
Having found that Regulation 2646.6 was promulgated pursuant to Article 10, we next turn to the interrelation between section 1861.07 and the PRA.

IV. Section 1861.07 and the PRA
The PRA provides that anyone may inspect public records during normal office hours of the local or state agency that has the requested record. (Gov.Code, § 6253.) Public Records are defined in part as "any writing containing information relating to the conduct of the public's business prepared, owned, used, or retained by any state or local agency....." (Gov.Code, § 6252, subd. (d).) The PRA provides various exemptions from disclosure in Government Code section 6254.
*546 Section 1861.07 mandates disclosure of all information provided to the Commissioner pursuant to Article 10 and specifically states that the exemption from disclosure found in Government Code section 6254, subdivision (d) will not prohibit disclosure of such records.[6]
The parties agree that the Record A data is a public record, and the Insurers concede, impliedly if not explicitly, that section 1861.07 effectively eliminates the Government Code section 6254, subdivision (d) exemption from disclosure. However, the parties dispute the effect section 1861.07 has on the remaining exemptions from disclosure found in Government Code section 6254, specifically subdivision (k) which exempts records that are privileged under Evidence Code section 1060.[7]
The Commissioner argues that section 1861.07 means that all data provided to the Commissioner pursuant to Article 10 must be disclosed, and the reference to the two exemptions in section 1861.07 are merely examples of the type of exemptions that are eliminated by the section.
Insurers argue that if section 1861.07 was meant to eliminate all of the exemptions found in Government Code section 6254, it would have so stated without referring only to subsection (d). By expressly eliminating only subsection (d), Insurers argue that all-remaining exemptions from disclosure found in Government Code section 6254 remain viable.
The parties argue at some length the intent of the voters in passing Proposition 103, the initiative which enacted Article 10 and revised the manner in which the business of insurance was conducted in California. We need not resort to the history of Proposition 103, as this dispute can be resolved through application of the general rules of statutory interpretation.
The interpretation of a statute presents a question of law, which this court reviews de novo. (Holmes v. Jones (2000) 83 Cal.App.4th 882, 888, 100 Cal. Rptr.2d 138.) In construing a statute we ascertain the intent of the Legislature, or the electorate in passing an initiative, so as to effectuate the purpose of the statute. (Day v. City of Fontana (2001) 25 Cal.4th 268, 273, 105 Cal.Rptr.2d 457, 19 P.3d 1196.) We examine the statutory language, giving the words their usual and ordinary meaning. In the absence of ambiguity, we presume the lawmakers meant what they said, and the plain meaning of the language governs. (Ibid.)
We construe statutory words in context, keeping in mind the statutory purpose. Statutory sections relating to the same subject must be harmonized, both internally and with each other, to the extent possible. (Barajas v. Oren Realty & Development Co. (1997) 57 Cal.App.4th 209, 216-217, 67 Cal.Rptr.2d 62.) We reject an interpretation of a statute that would render other portions of the statute surplusage. (In re Do Kyung K. (2001) 88 Cal.App.4th 583, 593-594, 106 Cal.Rptr.2d 31.)
Where construction of a statute is necessary, interpretation should produce a reasonable result (Holmes v. Jones, supra, 83 Cal.App.4th at pp. 888-889, 100 Cal. Rptr.2d 138), with the goal of promoting the general purpose of the statute and *547 avoiding an interpretation that would lead to absurd consequences. (People v. Jenkins (1995) 10 Cal.4th 234, 246, 40 Cal. Rptr.2d 903, 893 P.2d 1224.)
Application of these rules to section 1861.07 leads to the inevitable conclusion that only the specifically identified exemptions are eliminated.
We begin by again noting that the primary purpose of Proposition 103 was to revise the method by which insurance rates were approved. (California Auto. Assigned Risk Plan v. Garamendi (1991) 232 Cal.App.3d 904, 909-910, 283 Cal.Rptr. 562.) The initiative required a rollback of the rates charged by all insurers (§ 1861.01) and establishes the bases upon which automobile insurance premiums are to be established. (§ 1861.02.) Rates that are excessive, inadequate, or unfairly discriminatory are prohibited. (§ 1861.05, subd. (a).) Every insurer desiring to change any rate must file a rate application with the Commissioner. (§ 1861.05, subd. (b).) Provisions are included for public hearings on all requests for a rate increase. (§ 1861.05, subd. (c).) The Commissioner is directed to provide a comparison of the rates in effect for each line of insurance for every insurer to any consumer who requests the information. (§ 1861.04.) Section 1861.07 then provides that all the information provided to the Commissioner pursuant to Article 10 is to be made available for public inspection, and states that the exemption from publication found in Government Code section 6254, subdivision (d) is inapplicable.
Government Code section 6254, subdivision (d) in part exempts from disclosure (1) applications filed with any state agency; (2) examination, operating or condition reports prepared for the use of a state agency; and (3) information received in confidence by a state agency. It is obvious that a direct conflict would exist between section 1861.07's mandate that all rate applications be made public and the exemption from disclosure found in Government Code section 6254, subdivision (d) if the drafters of Article 10 had not provided that Government Code section 6254, subdivision (d) was inapplicable to the data.
It does not follow that all the other exemptions found in Government Code section 6254 also were eliminated by section 1861.07. There is no legal authority for the Commissioner's argument that section 1861.07 referred to the two specific code sections only as an example of what the initiative intended to accomplish. We would be required to add words to the statute to reach the result urged by the Commissioner. This we will not do. (Trope v. Katz (1995) 11 Cal.4th 274, 280, 45 Cal.Rptr.2d 241, 902 P.2d 259; Edgar O. v. Superior Court (2000) 84 Cal.App.4th 13, 18, 100 Cal.Rptr.2d 540.) The drafters of Proposition 103 easily could have eliminated all of the exemptions found in Government Code section 6254 if this was their intent.
The Commissioner's reliance on the maxim that a specific statute controls a general statute is misplaced. This principle applies only when the two sections cannot be reconciled. (Garcia v. McCutchen (1997) 16 Cal.4th 469, 478, 66 Cal.Rptr.2d 319, 940 P.2d 906.) If we can reasonably harmonize the two statutes, we must give concurrent effect to both. (Ibid.)
We can harmonize section 6254 and section 1861.07 without difficulty. Section 1861.07 requires disclosure of all information provided pursuant to Article 10. However, this mandate is tempered by the recognition that there are exemptions from disclosure in both the Insurance Code and the PRA. The recognition in section 1861.07 that there are exemptions from disclosure, and the declaration that only *548 two of the many exemptions were eliminated, leads to the inevitable conclusion that section 1861.07 did not intend to eliminate all of the exemptions to disclosure of Article 10 data.[8]

CONCLUSION
We conclude that the exemptions in Government Code section 6254, with the exception of subdivision (d), are available to prevent public disclosure of data provided to the Commissioner pursuant to Article 10, if an exemption is applicable. Our conclusion harmonizes these two code sections and complies with the intent of the voters when Proposition 103 was passed as expressed in the words of the statute itself.
We do not decide if the Record A data is, or is not, a trade secret exempt from disclosure by Government Code section 6254, subdivision (k). The trial court did not reach this issue. The conflicting declarations and numerous objections to the declarations preclude us deciding this issue as a matter of law.

DISPOSITION
The matter is remanded to the trial court for further proceedings consistent with this opinion, each party to bear their own costs on appeal.[9]
WE CONCUR: ARDAIZ, P.J., and WISEMAN, J.
NOTES
[1] Exposures mean an item insured, e.g., an automobile, house or business.
[2] This section also provides that the information shall be requested on a voluntary basis from applicants on a detachable form and the applicant must be advised the information is for the Commissioner's use and may not be used for underwriting or rating purposes.
[3] All statutory references are to the Insurance Code unless otherwise indicated.
[4] This section states:

"(a) Whenever it is made to appear by verified petition to the superior court of the county where the records or some part thereof are situated that certain public records are being improperly withheld from a member of the public, the court shall order the officer or person charged with withholding the records to disclose the public record or show cause why he or she should not do so. The court shall decide the case after examining the record in camera, if permitted by subdivision (b) of Section 915 of the Evidence Code, papers filed by the parties and any oral argument and additional evidence as the court may allow.
"(b) If the court finds that the public official's decision to refuse disclosure is not justified under Section 6254 or 6255, he or she shall order the public official to make the record public. If the judge determines that the public official was justified in refusing to make the record public, he or she shall return the item to the public official without disclosing its content with an order supporting the decision refusing disclosure.
"(c) In an action filed on or after January 1, 1991, an order of the court, either directing disclosure by a public official or supporting the decision of the public official refusing disclosure, is not a final judgment or order within the meaning of Section 904.1 of the Code of Civil Procedure from which an appeal may be taken, but shall be immediately reviewable by petition to the appellate court for the issuance of an extraordinary writ. Upon entry of any order pursuant to this section, a party shall, in order to obtain review of the order, file a petition within 20 days after service upon him or her of a written notice of entry of the order, or within such further time not exceeding an additional 20 days as the trial court may for good cause allow. If the notice is served by mail, the period within which to file the petition shall be increased by five days. A stay of an order or judgment shall not be granted unless the petitioning party demonstrates it will otherwise sustain irreparable damage and probable success on the merits. Any person who fails to obey the order of the court shall be cited to show cause why he or she is not in contempt of court.
"(d) The court shall award court costs and reasonable attorney fees to the plaintiff should the plaintiff prevail in litigation filed pursuant to this section. The costs and fees shall be paid by the public agency of which the public official is a member or employee and shall not become a personal liability of the public official. If the court finds that the plaintiff's case is clearly frivolous, it shall award court costs and reasonable attorney fees to the public agency."
[5] Section 1861.07 reads in full:

"All information provided to the commissioner pursuant to this article shall be available for public inspection, and the provisions of Section 6254(d) of the Government Code and Section 1857.9 of the Insurance Code shall not apply thereto."
[6] The parties agree that the exemption to disclosure found in section 1857.9 does not apply to Record A data.
[7] Evidence Code section 1060 provides: "If he or his agent or employee claims the privilege, the owner of a trade secret has a privilege to refuse to disclose the secret, and to prevent another from disclosing it, if the allowance of the privilege will not tend to conceal fraud or otherwise work injustice."
[8] This court respectfully disagrees with State Farm Mutual Automobile Ins. Co. v. Low (2001) 92 Cal.App.4th 1169, 112 Cal.Rptr.2d 574 which concluded that there are no exemptions from disclosure for information included in Article 10.
[9] The request that this court take judicial notice of the "REASONS FOR APPROVAL/DISAPPROVAL OF REGULATORY ACTION" is granted. The remaining requests for judicial notice are denied.