[No. C065707. Third Dist. Aug. 9, 2010.]

YES ON 25, CITIZENS FOR AN ON-TIME BUDGET, Petitioner, v. THE SUPERIOR COURT OF SACRAMENTO COUNTY, Respondent; EDMUND G. BROWN, JR., as Attorney General, etc., et al., Real Parties in Interest.

[No. C065708. Third Dist. Aug. 9, 2010.]

EDMUND G. BROWN, JR., as Attorney General, etc., Petitioner, v. THE SUPERIOR COURT OF SACRAMENTO COUNTY, Respondent; DEBRA BOWEN, as Secretary of State, etc., et al., Real Parties in Interest.

---

## COUNSEL

Remcho, Johansen & Purcell, James C. Harrison, Robin B. Johansen; Olson, Hagel, & Fishburn, Lance H. Olson, Deborah B. Caplan and Matthew R. Cody for Petitioner Yes on 25, Citizens for an On-Time Budget.

Edmund G. Brown, Jr., Attorney General, Jonathan R. Renner, Assistant Attorney General, Stephen P. Acquisto and Anthony O'Brien, Deputy Attorneys General, for Petitioner Edmund G. Brown, Jr., in C065708.

No appearance for Respondent.

Edmund G. Brown, Jr., Attorney General, Jonthan K. Renner, Assistant Attorney General, Stephen P. Acquisto and Anthony O'Brien, Deputy Attorneys General, for Real Parties in Interest Edmund G. Brown, Jr., Debra Bowen and Kevin Hannah in C065707.

Olson, Hagel, & Fishburn, Lance H. Olson, Deborah B. Caplan and Matthew T. Cody for Real Party in Interest Debra Bowen in C065708.

Nielsen, Merksamer, Parrinello, Mueller & Naylor and Richard D. Martland for Real Party in Interest Allan Zaremberg.

---

## OPINION

**SCOTLAND, P. J.**—The Attorney General of the State of California, and Yes on 25, Citizens for an On-Time Budget, seek a peremptory writ of mandate directing respondent superior court to vacate its judgment entered on August 5, 2010, insofar as it compels revision of the ballot title and summary and the ballot label for Proposition 25 prepared by the Attorney General.[1]

Respondent court ruled these ballot materials are misleading because the language, "RETAINS TWO-THIRDS VOTE REQUIREMENT FOR TAXES," suggests that passage of Proposition 25 is necessary to continue the current constitutional provision requiring a two-thirds vote to raise taxes. (See

---

[1] The Attorney General and Yes on 25, Citizens for an On-Time Budget, separately petitioned for a writ of mandate, each raising the same issue. We have consolidated the petitions for purposes of disposition only.

Cal. Const., art. XIII A, § 3.) Accordingly, the court directed that the language be deleted from both the ballot title and summary and the ballot label.

The writ petitions were filed in this court on Friday, August 6, 2010, and the Secretary of State has indicated that Monday, August 9, 2010, is the deadline for transmitting copy for the ballot pamphlet to the State Printer. Thus, to preserve our jurisdiction, we stayed submission of the ballot materials to the State Printer pending further order of this court. We also informed the parties that we are considering the issuance of a peremptory writ in the first instance, and that any opposition must be filed before 10:00 a.m. on August 9, 2010. (See *Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171 [203 Cal.Rptr. 626, 681 P.2d 893].)[2]

Opposition was timely filed by real parties in interest, who make little effort to defend the rationale for respondent court's ruling. Instead, real parties in interest believe that the court erred by not finding the language, "RETAINS TWO-THIRDS VOTE REQUIREMENT FOR TAXES," is "false and misleading because Proposition 25 does not preclude a special class of bills created by Proposition 25—bills that include an[] appropriation and a tax increase and are designated in the budget bill as related to the budget— from being adopted by a majority vote." Stated more simply, real parties in interest argue Proposition 25 would "perpetrate a gross fraud on the voters" by "establish[ing] an <u>alternative</u> mechanism through which tax increases could be adopted by a simple majority vote" if the tax increases are included in a budget bill, thereby allowing the Legislature to circumvent the existing two-thirds vote requirement for a tax increase.

Having reviewed the petitions and opposition thereto, we shall issue the requested peremptory writ of mandate. As we will explain, the challenged language does not misleadingly suggest that approval of Proposition 25 is necessary to maintain the existing two-thirds vote requirement for raising taxes. And we find nothing in the substantive provisions of Proposition 25 that would allow the Legislature to circumvent the existing constitutional requirement of a two-thirds vote to raise taxes.

To preserve this court's jurisdiction pending finality of this decision, we issue a mandatory stay that effectively grants petitioners the relief to which we conclude they are entitled. (See *Lungren, supra,* 48 Cal.App.4th at pp. 437, 443; see also *People ex rel. S. F. Bay etc. Com v. Town of Emeryville* (1968) 69 Cal.2d 533, 537 [72 Cal.Rptr. 790, 446 P.2d 790].)

---

[2] The judgment is appealable. However, given the immediate time constraints for printing of the ballot for the November statewide election, petitioners' remedy by appeal is inadequate. (*Lungren v. Superior Court* (1996) 48 Cal.App.4th 435, 438 [55 Cal.Rptr.2d 690] (hereafter *Lungren*).)

## BACKGROUND

■ California's Constitution provides that a two-thirds vote of both houses of the Legislature is required to pass the budget and any budget-related appropriations, except for appropriations for public school funding, which may be approved by a simple majority. (Cal. Const., art IV, §§ 8, subd. (b), 12, subd. (d).) It also requires the Legislature to pass the budget by midnight on June 15 (Cal. Const., art. IV, § 12, subd. (c)(3)); however, no penalty is imposed upon the Legislature should it fail to adopt a budget in a timely manner. Proposition 13, adopted in 1978, added provisions to the Constitution that state the Legislature can change the tax rate only by a two-thirds vote of each house. (Cal. Const., art. XIII A, § 3.)

Proposition 25 is an initiative measure that will be on the statewide General Election ballot on November 2, 2010. Entitled the "On-Time Budget Act of 2010," it would amend article IV of our state Constitution by changing the legislative vote requirement needed to pass the state budget and budget-related appropriations bills from two-thirds to a simple majority. Proposition 25 also provides that, if the Legislature fails to pass a budget bill by June 15, all of the legislators will forfeit salary and reimbursement for expenses for each day until the Legislature adopts a budget bill.

Section 3 of Proposition 25 sets forth the "Purpose and Intent" of the measure as follows:

"1. The people enact this measure to end budget delays by changing the legislative vote necessary to pass the budget from two-thirds to a majority vote and by requiring legislators to forfeit their pay if the Legislature fails to pass the budget on time.

"2. This measure will not change Proposition 13's property tax limitations in any way. This measure will not change the two-thirds vote requirement for the legislature to raise taxes."

On July 20, 2010, the Secretary of State placed the official ballot pamphlet for the November 2010 election on public display. (Elec. Code, § 9092.) The ballot pamphlet includes the official ballot title and summary and the official ballot label prepared by the Attorney General for each initiative measure. (Elec. Code, §§ 9050, 9051.) The ballot materials for Proposition 25 submitted by the Attorney General read:

"BALLOT TITLE AND SUMMARY

"CHANGES LEGISLATIVE VOTE REQUIREMENT TO PASS BUDGET AND BUDGET-RELATED LEGISLATION FROM TWO-THIRDS TO

A SIMPLE MAJORITY. RETAINS TWO-THIRDS VOTE REQUIREMENT FOR TAXES. INITIATIVE CONSTITUTIONAL AMENDMENT.

"Changes the legislative vote requirement necessary to pass the state budget and spending bills related to the budget from two-thirds to a simple majority.

"Provides that if the Legislature fails to pass a budget bill by June 15, all members of the Legislature will permanently forfeit any reimbursement for salary and expenses for every day until the day the Legislature passes a budget bill.

"BALLOT LABEL

"CHANGES LEGISLATIVE VOTE REQUIREMENT TO PASS BUD-GET AND BUDGET-RELATED LEGISLATION FROM TWO-THIRDS TO A SIMPLE MAJORITY. RETAINS TWO-THIRDS VOTE REQUIREMENT FOR TAXES. INITIATIVE CONSTITUTIONAL AMENDMENT. Legislature permanently forfeits daily salary and expenses until budget passes. . . ."

Real party in interest, Allan Zaremberg, president of the California Chamber of Commerce and committee chair of Stop Hidden Taxes—No on 25/Yes on 26, filed a petition for writ of mandate in respondent court, challenging the Attorney General's ballot title and summary and ballot label on the ground that they inaccurately summarize the effect of Proposition 25. In particular, he argued that the language, "RETAINS TWO-THIRDS VOTE REQUIRE-MENT FOR TAXES," is false and misleading, and that the initiative measure, read as a whole, would repeal by implication the two-thirds requirement and allow the Legislature to raise taxes by a simple majority vote. This is so, real parties in interest asserted, because, among other things, "no substantive provision of Proposition 25 makes any reference to the preservation of the two-thirds vote requirement to raise taxes."

Following a hearing on August 5, 2010, respondent court rejected real parties in interest's construction of Proposition 25, concluding it is "clear" the measure would not affect the two-thirds requirement for raising taxes.

Notwithstanding this conclusion, respondent court was troubled by the language, "RETAINS TWO-THIRDS VOTE REQUIREMENT FOR TAXES." In its view, the language is misleading because a voter reading these preelection materials might surmise that, absent a "yes" vote on Proposition 25, the two-thirds requirement for raising taxes would be repealed. The court explained: "Don't you think that the . . . man or the woman walking into the polls and looking at this title and summary has the

impression that it's necessary to pass this proposition and if this proposition is not passed that the two-thirds requirement [for taxes] goes away? [¶] I mean, what else is the meaning of retain?"

Thus, the court ordered the language, "RETAINS TWO-THIRDS VOTE REQUIREMENT FOR TAXES," stricken from both the ballot title and summary and the ballot label, and entered judgment accordingly.

The next day, the Attorney General and the proponents of Proposition 25 filed petitions for writ of mandate in this court, seeking to overturn respondent court's order striking the language quoted above.

## DISCUSSION

The Legislature has conferred upon the Attorney General the task of preparing, in no more than 100 words, an impartial ballot title and summary for each initiative measure submitted to the voters. (Elec. Code, §§ 9050, 9051.) The Attorney General also must provide, for each measure, a ballot label that "shall be a condensed version of the ballot title and summary." (Elec. Code, §§ 9050, 9051, subd. (b).)

These preelection materials must reasonably inform the voters of the character and purpose of the proposed measure. (*Horneff v. City & County of San Francisco* (2003) 110 Cal.App.4th 814, 820 [2 Cal.Rptr.3d 79] (hereafter *Horneff*); *Lungren, supra*, 48 Cal.App.4th at pp. 439–440.) The ballot title and summary must be true, impartial, and not argumentative or likely to create prejudice for or against a proposed measure. (Elec. Code, § 9051, subd. (c); *Lungren, supra*, 48 Cal.App.4th at p. 440.) "The main purpose of these requirements is to avoid misleading the public with inaccurate information." (*Amador Valley Joint Union High Sch. Dist. v. State Bd. of Equalization* (1978) 22 Cal.3d 208, 243 [149 Cal.Rptr. 239, 583 P.2d 1281] (hereafter *Amador Valley*).)

Implicit in these guidelines is that the Attorney General exercises judgment and discretion in discerning the chief purposes and points of an initiative measure (*Epperson v. Jordan* (1938) 12 Cal.2d 61, 66, 70 [82 P.2d 445] (hereafter *Epperson*)), which must be presented to the electorate in clear and understandable language. (See *Lungren, supra*, 48 Cal.App.4th at p. 440.) " 'As a general rule, the title and summary prepared by the Attorney General are presumed accurate, and substantial compliance with the "chief purpose and points" provision is sufficient. [Citation.]' " (*Tinsley v. Superior Court* (1983) 150 Cal.App.3d 90, 108 [197 Cal.Rptr. 643] (hereafter *Tinsley*).)

In preparing the ballot title and summary and the ballot label, the Attorney General is afforded considerable latitude. (*Tinsley, supra*, 150 Cal.App.3d at

p. 108.) This deference stems in part from the recognition that drafting a title and summary "can be a difficult task where multiple reasonable interpretations of the referendum . . . are possible." (*Zaremberg v. Superior Court* (2004) 115 Cal.App.4th 111, 117 [8 Cal.Rptr.3d 723].)

If reasonable minds may differ as to its sufficiency, the title and summary prepared by the Attorney General must be upheld (*Amador Valley, supra*, 22 Cal.3d at p. 243) because "all legitimate presumptions should be indulged in favor of the propriety of the attorney-general's actions" (*Epperson, supra*, 12 Cal.2d at pp. 66, 70; see *Holmes v. Jones* (2000) 83 Cal.App.4th 882, 888 [100 Cal.Rptr.2d 138]). "[O]nly in a clear case should a title [and summary] so prepared be held insufficient." (*Epperson, supra*, 12 Cal.2d at p. 66; see *Brennan v. Board of Supervisors* (1981) 125 Cal.App.3d 87, 92–93 [177 Cal.Rptr. 677].)

■ Elections Code section 9092 allows a preelection challenge to the sufficiency of the Attorney General's ballot materials. In ruling on such challenge, however, the courts are not vested with a wide range of discretion. (*Horneff, supra*, 110 Cal.App.4th at p. 821.) Relief may be granted "only upon clear and convincing proof that the [challenged ballot materials] in question [are] false, misleading, or inconsistent with the requirements of this code." (Elec. Code, § 9092.)

Given these heightened standards, respondent court's judgment striking language set forth in the ballot title and summary and ballot label cannot stand. This is so because both the ballot title and summary and the ballot label for Proposition 25 closely track the actual language of the measure and its statement of "Purpose and Intent." (Cf. *Lungren, supra*, 48 Cal.App.4th at p. 441 ["The electorate can hardly be deceived by [an] essentially verbatim recital of the straightforward text of the measure itself."].) The ballot title and summary inform the electorate that Proposition 25 will (1) lower from two-thirds to a simple majority the vote requirement for passing a budget and budget-related legislation, (2) require legislators to forfeit salary and reimbursement for living expenses for every day they fail to pass a budget after the June 15 deadline, and (3) leave unchanged the two-thirds vote requirement for raising taxes. These descriptions follow the language of the initiative and its statement of "Purpose and Intent." "By essentially repeating the operative language of [the initiative], the Attorney General has complied with the mandate that he provide the electorate with 'a true and impartial statement of the purpose of the measure . . . .' " (48 Cal.App.4th at p. 443.)

We disagree with respondent court's perception that the language, "RE-TAINS TWO-THIRDS VOTE REQUIREMENT FOR TAXES," is misleading because some voters might misconstrue it to mean the measure would

have to pass in order to continue the two-thirds bar for raising taxes. The ballot title and summary plainly state Proposition 25 would "change" the vote requirement for budget bills from two-thirds to a simple majority and "retain[]" the two-thirds vote requirement for taxes. In context, the ballot title and summary draw for the voters a distinction between the laws that will be changed (those pertaining to the number of votes needed to adopt the budget (Cal. Const., art IV, § 12)) and the laws that will not be changed (those pertaining to the number of votes needed to raise taxes (Cal. Const., art. XIII A, § 3)).

In our view, use of the word "retains" does not suggest that approval of Proposition 25 is necessary to maintain the two-thirds requirement for raising taxes. "Retain" means "to hold or continue to . . . use." (Webster's 3d New Internat. Dict. (1993) p. 1938.) The common understanding of the term as used in the ballot title and summary would be that the existing two-thirds vote requirement for raising taxes will "continue" if Proposition 25 is approved—an understanding consistent with the measure's stated "Purpose and Intent."

At most, our perception compared to that of respondent court indicates that reasonable minds may differ; but a difference of opinion does not rise to the level of clear and convincing proof that the challenged language in the ballot title and summary and the ballot label is misleading. (*Tinsley, supra,* 150 Cal.App.3d at p. 108.)

As the Attorney General argued in respondent court, because debates regarding changes to California's budget process routinely include a discussion of whether the vote requirement for raising taxes should be lowered, it is reasonable to believe the voters would want to know whether and how Proposition 25 will affect the two-thirds requirement for taxes. By noting that Proposition 25 retains the two-thirds requirement for raising taxes, the title and summary convey the limits as set forth in the measure's section of "Purpose and Intent."

■ Stated succinctly, the Attorney General reasonably concluded that stating Proposition 25 retains the two-thirds majority for raising taxes is *necessary* to provide voters with an understanding of the potential impact of the measure. Given the substantial deference that must be afforded to the Attorney General's ballot materials (*Epperson,* 12 Cal.2d at pp. 66, 70), respondent court erred when it balanced the deference owed the Attorney General's ballot materials with the court's own "common sense" interpretation of the challenged language (an interpretation that was not raised by the opponents of the initiative measure). (Cf. *Lungren, supra,* 48 Cal.App.4th at p. 441.)

We also reject real parties in interest's contention that aside from Proposition 25's nonbinding statement of "Purpose and Intent," the *substantive* provisions of the initiative measure would allow for the raising of taxes in appropriations bills attached to a budget bill passed by a majority vote.

The contention relies on the following provision contained in Proposition 25, which would amend article IV, section 12 of the state Constitution as follows: "(e)(1) Notwithstanding any other provision of law or of this Constitution, the budget bill and other bills providing for appropriations related to the budget bill may be passed in each house by rollcall vote entered in the journal, a majority of the membership concurring, to take effect immediately upon being signed by the Governor or upon a date specified in the legislation. . . ." (Italics omitted.)

Real parties in interest argue that, because of the aforesaid substantive provision of Proposition 25 (assuming it were adopted by the voters), if a tax increase were included in an appropriations bill related to the budget bill, a simple majority vote would control despite the existence of the two-thirds vote requirement of article XIII A, section 3 of the Constitution, because the "notwithstanding" clause overrides conflicting provisions of the state Constitution. Thus, it follows that the language, "RETAINS TWO-THIRDS VOTE REQUIREMENT FOR TAXES," is false and misleading because the real intent behind Proposition 25 is "to create an <u>alternate</u> mechanism for certain bills—bills that can (and almost certainly would) contain tax increases—to be adopted by a simple majority vote."

■ However, Proposition 25 would affect only the budget bill and other bills providing for *appropriations* related to the budget bill. Indeed, the annual budget bill is a list of appropriations, " 'itemizing recommended expenditures' for the ensuing fiscal year." (*Planned Parenthood Affiliates v. Swoap* (1985) 173 Cal.App.3d 1187, 1197 [219 Cal.Rptr. 664].) By definition, appropriations are not taxes. Accordingly, we find nothing in the substantive provisions of Proposition 25 that would give a green light to the Legislature to circumvent the existing constitutional requirement of a two-thirds vote to raise taxes.

Moreover, the "Purpose and Intent" section of Proposition 25 clearly states: "This measure will not change Proposition 13's property tax limitations in any way. This measure will not change the two-thirds vote requirement for the Legislature to raise taxes."

■ A court must refer to the *entire* initiative to determine its purpose and intent, even when there is no ambiguity in the statutory provisions. (*Professional Engineers in California Government v. Kempton* (2007) 40

Cal.4th 1016, 1039 [56 Cal.Rptr.3d 814, 155 P.3d 226].) " 'The [initiative's] language must . . . be construed in the context of the statute as a whole and the [initiative's] overall . . . scheme.' " (*Id.* at p. 1037.)

In our view, Proposition 25 cannot be interpreted to operate as an end run around the two-thirds vote requirement for raising taxes. (See *Arias v. Superior Court* (2009) 46 Cal.4th 969, 979 [95 Cal.Rptr.3d 588, 209 P.3d 923] [a "literal" construction of a measure "will not control when such a construction would frustrate the manifest purpose of the enactment as a whole"]; see also *Westly v. Board of Administration* (2003) 105 Cal.App.4th 1095, 1109 [130 Cal.Rptr.2d 149] ["The rules of statutory construction are the same for initiative enactments as for legislative enactments. [Citation.] The goal is to determine and effectuate voter intent."].)

From the inception of this litigation, petitioners, including the proponents of Proposition 25, have stated repeatedly that there is nothing in the initiative that will permit the Legislature, either directly in the budget bill or in an appropriations bill relating to the budget bill, to raise taxes by a simple majority vote. And they have stood firm that the measure's statement of "Purpose and Intent" means exactly what the initiative provides: Proposition 25 will not change the present vote requirement for raising taxes. To attempt at some point in the future to take a different tack would perpetrate a gross fraud on the voters of this state.

In his opposition to the writ of mandate filed in respondent court, the Attorney General states: "What Proposition 25 does not do is change the vote requirement needed for the Legislature to increase taxes"; "The measure would only amend the article of the Constitution that contains legislative vote requirements for the budget . . . . The measure does *not* touch the article of the Constitution that requires a two-thirds vote for taxes" (original italics); "[T]he express intent of the measure is to retain the integrity of Article XIII A, § 3, and avoid changing the voting requirement for tax increases"; "Proposition 25 would not allow for the Legislature to pass a budget-related bill that included a tax with a majority vote; such a bill would still be subject to the two-thirds vote required under article XIII A, § 3."

In its opposition to the writ of mandate filed in respondent court, the Yes on 25 group said among other things: "The Attorney General's circulating title and summary [(which mirror almost exactly the title and summary here at issue)] appeared on each of the petitions in support of the Act that was circulated among the voters for signature. Approximately a million voters—having been told that this measure would not affect the two-third vote requirement for taxes—signed the petition"; "[The] claim . . . that Proposition 25 would allow . . . changes [in taxes] to be adopted by a majority is

absolutely wrong . . . . The Legislature would either have to adopt the entire measure by two-thirds, or adopt the appropriations portion by a majority vote and separately adopt the tax provisions by a two-thirds vote"; "[T]he *only* reasonable interpretation of Proposition 25 . . . is that it is only intended to reform the budget appropriation process and that it does not change the two-thirds vote requirement to increase taxes . . . ." (Original italics.)

At the hearing in respondent court, the Attorney General conceded that, if Proposition 25 passes, given its statement of purpose and intent of retaining a two-thirds majority for taxes, any effort by the Legislature to include a tax bill within an appropriations bill could be challenged as a violation of the "stated purpose of Proposition 25, *and they would be right.*" (Italics added.)

At that same hearing, counsel for the Yes on 25 group conceded that, to construe Proposition 25 as permitting the Legislature to raise taxes by a majority vote "would lead to an absurd result and . . . violate every known protocol of statutory construction."

Stated succinctly, petitioners have staked out a position on the continuing vitality of the two-thirds vote requirement for raising taxes from which there can, in the law, be no retreat.

## DISPOSITION

Petitioners have sought the issuance of a peremptory writ in the first instance, and real parties in interest have filed opposition thereto. The procedural requirements delineated in *Palma v. U.S. Industrial Fasteners, Inc.,* *supra,* 36 Cal.3d 171 have been satisfied, and we are authorized to issue the requested relief.

Let a peremptory writ of mandate issue directing respondent court to vacate its judgment entered on August 5, 2010, insofar as it compels the Secretary of State to delete from the ballot title and summary and the ballot label the language, "RETAINS TWO-THIRDS VOTE REQUIREMENT FOR TAXES." The Attorney General's original ballot title and summary and ballot label, attached as appendix A to this opinion, are the materials to be delivered by the Secretary of State to the State Printer for inclusion on the November ballot. This decision is final forthwith as to this court. (See Cal. Rules of Court, rule 8.490(b)(3).)

The temporary stay order issued by this court on August 6, 2010, is vacated, and the following stay order shall remain in effect until this decision is final for purposes of review: The Secretary of State shall not cause to be

submitted to the State Printer (nor shall the State Printer use) any language for ballot title and summary and the ballot label for Proposition 25 except for the language included in appendix A to this opinion.

Raye, J., and Hull, J., concurred.

OFFICIAL TITLE AND SUMMARY
PREPARED BY THE ATTORNEY GENERAL

**Proposition 25**

July 2, 2010
Initiative 09-0057

### BALLOT TITLE AND SUMMARY

CHANGES LEGISLATIVE VOTE REQUIREMENT TO PASS BUDGET AND BUDGET-RELATED LEGISLATION FROM TWO-THIRDS TO A SIMPLE MAJORITY. RETAINS TWO-THIRDS VOTE REQUIREMENT FOR TAXES. INITIATIVE CONSTITUTIONAL AMENDMENT.

- Changes the legislative vote requirement necessary to pass the state budget and spending bills related to the budget from two-thirds to a simple majority.

- Provides that if the Legislature fails to pass a budget bill by June 15, all members of the Legislature will permanently forfeit any reimbursement for salary and expenses for every day until the day the Legislature passes a budget bill.

**Summary of Legislative Analyst's Estimate of Net State and Local Government Fiscal Impact:**

- In some years, the contents of the state budget and related legislation could be changed due to the lower legislative vote requirements in this measure. The extent of these changes would depend on a number of factors, including the state's financial circumstances, the composition of the Legislature, and its future actions.

- In any year the Legislature has not sent a budget to the Governor on time, there would be a reduction in state legislator compensation costs of about $50,000 for each late day.

SUBJECT TO COURT
ORDERED CHANGES

APPENDIX A

OFFICIAL TITLE AND SUMMARY
PREPARED BY THE ATTORNEY GENERAL

**Proposition 25**

July 2, 2010
Initiative 09-0057

### BALLOT LABEL

CHANGES LEGISLATIVE VOTE REQUIREMENT TO PASS BUDGET AND BUDGET-RELATED LEGISLATION FROM TWO-THIRDS TO A SIMPLE MAJORITY. RETAINS TWO-THIRDS VOTE REQUIREMENT FOR TAXES. INITIATIVE CONSTITUTIONAL AMENDMENT. Legislature permanently forfeits daily salary and expenses until budget bill passes. Fiscal Impact: In some years, the contents of the state budget could be changed due to the lower legislative vote requirement in this measure. The extent of changes would depend on the Legislature's future actions.

SUBJECT TO COURT
ORDERED CHANGES