Filed 4/9/14  Modified and certified for publication 4/23/14 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| HOMER RAY BRAZIEL,<br><br>    Petitioner,<br><br>    v.<br><br>THE SUPERIOR COURT OF LOS ANGELES COUNTY,<br><br>    Respondent;<br><br>THE PEOPLE,<br><br>    Real Party in Interest. | B249830<br><br>(Los Angeles County<br> Super. Ct. No. BA183095) |

ORIGINAL PROCEEDINGS in mandate.  William C. Ryan, Judge.  Petition denied.

Jonathan B. Steiner and Suzan E. Hier for Petitioner.

No appearance for Respondent.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, James William Bilderback II and Steven E. Mercer, Deputy Attorneys General, for Real Party in Interest.

_____

# INTRODUCTION

Homer Ray Braziel filed a notice of appeal from an order by the trial court denying his petition for recall of his sentence under the three strikes law pursuant to Penal Code section 1170.126.[1]  We deemed his notice of appeal a petition for writ of mandate and issued an order to show cause why we should not order the trial court to vacate its order denying the petition.  We now deny his petition.

## FACTUAL AND PROCEDURAL BACKGROUND

On May 6, 1999 the People charged Braziel by information with two counts of assault by means likely to produce great bodily injury (§ 245, subd. (a)(1); counts 1 and 4); assault with a deadly weapon, a knife (*ibid*.; count 2), a serious felony within the meaning of section 1192.7, subdivision (c)(23); and making a terrorist threat (now criminal threat, see *People v. Moore* (2004) 118 Cal.App.4th 74, 78-79) (§ 422; count 3). The information alleged that Braziel had two prior strike convictions (§§ 667, subds. (b)-(i), 1170.12) and five prior convictions for which he had served prison terms (§ 667.5, subd. (b)).  On August 4, 1999 the jury found Braziel guilty on counts 1 through 3 and found true all prior conviction allegations.

The trial court imposed three strikes sentences of 25 years to life on all three counts.  The court ordered that Braziel serve the sentences on counts 1 and 3 concurrently

---

[1]     All further section references are to the Penal Code.
        Section 1170.126, added by Proposition 36 and effective November 7, 2012, permits a person serving an indeterminate term of imprisonment under the three strikes law to file a petition for recall of sentence and to request resentencing.  The statute limits eligibility to those whose current convictions are for felonies that are not defined as serious or violent felonies under section 667.5, subdivision (c), or 1192.7, subdivision (c). (§ 1170.126, subd. (e)(1).)

and stayed sentence on count 2 pursuant to section 654.  The court also imposed four years under section 667.5, subdivision (b), for a total term of 29 years to life.

On May 7, 2013 Braziel filed a petition for recall of his sentence pursuant to section 1170.126.  The trial court denied his petition on the ground that one of his current offenses was a serious felony under section 1192.7, subdivision (c)(38), making him ineligible for resentencing.

## DISCUSSION

A.    *Introduction*

Proposition 36, the Three Strikes Reform Act of 2012 (Act), amended sections 667 and 1170.12 to provide that the court may impose an indeterminate life sentence only where the current offense, i.e., the third strike, is a serious and/or violent felony.  (*People v. Yearwood* (2013) 213 Cal.App.4th 161, 167.)  If the current offense is not a serious and/or violent felony, Proposition 36 requires that the trial court sentence the defendant as a second strike offender.  (*Id*. at pp. 167-168.)  Proposition 36 also added section 1170.126, providing that a defendant serving a three strikes term for an offense that is not a serious and/or violent felony may petition the court for recall of his sentence and for resentencing.  (See *People v. Superior Court (Kaulick)* (2013) 215 Cal.App.4th 1279, 1292 ["there are two parts to the Act: the first part is *prospective* only, reducing the sentence to be imposed in future three strike cases where the third strike is not a serious or violent felony (. . . §§ 667, 1170.12); the second part is *retrospective*, providing *similar, but not identical*, relief for prisoners already serving third strike sentences in cases where the third strike was not a serious or violent felony (. . . § 1170.126)"].)

Subdivision (a) of section 1170.126 provides:  "The resentencing provisions under this section and related statutes are intended to apply exclusively to persons presently serving an indeterminate term of imprisonment pursuant to paragraph (2) of subdivision (e) of Section 667 or paragraph (2) of subdivision (c) of Section 1170.12, whose sentence under this act would not have been an indeterminate life sentence."

3

Subdivision (e)(1) of section 1170.126 provides: "An inmate is eligible for resentencing if . . . [t]he inmate is serving an indeterminate term of life imprisonment imposed pursuant to paragraph (2) of subdivision (e) of Section 667 or subdivision (c) of Section 1170.12 for a conviction of a felony or felonies that are not defined as serious and/or violent felonies by subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7."

Braziel was convicted on count 2 of assault with a deadly weapon, which was and is a serious felony under section 1192.7, subdivision (c)(23), when the defendant personally uses a deadly weapon in the commission of the offense.[2] The trial court imposed and stayed the sentence on that count pursuant to section 654. Count 3, making a terrorist/criminal threat, was not a serious or violent felony at the time of Braziel's conviction, but it is now (§ 1192.7, subd. (c)(38)), because Proposition 21, effective March 8, 2000, added it to the list of serious felonies. (See *Manduley v. Superior Court*

---

[2]    Section 1192.7, subdivision (c)(23), lists as a serious felony "any felony in which the defendant personally used a dangerous or deadly weapon." The jury did not make a finding that Braziel personally used a weapon, but the record shows that Braziel personally used a knife in the commission of assault with a deadly weapon. Braziel's personal use of a knife is also reflected in our previous opinion in this case. (See *People v. Braziel* (Jul. 18, 2000, B136493) [nonpub. opn.]). Because we conclude that Braziel was not eligible for recall of his sentence based on his conviction of terrorist/criminal threats, we need not decide whether we can look beyond the judgment to the record in determining whether a prior offense was a serious and/or violent felony. We note, however, that at least one court, as well as commentators, have concluded that it is appropriate to do so. (See *People v. White* (2014) 223 Cal.App.4th 512, 525, petn. for review pending, petn. filed Mar. 10, 2014 ["[a]lthough the information did not allege that [the defendant] was armed with a firearm when he committed [the] offense, and it contained no sentence enhancement allegation that he was armed with a firearm, the record shows the prosecution's case was based on evidence that" the defendant "was armed with the firearm during the commission of the current offense"]; Couzens & Bigelow, The Amendment of the Three Strikes Sentencing Law (Nov. 2013) p. 30 ["[i]t seems likely that if the entire record of conviction can be used in determining the existence of a strike for an original sentencing proceeding, the same record can be used in determining whether a person qualifies for second strike sentencing under Proposition 36"], <www.courts.ca.gov/documents/Three-Strikes-Amendment-Couzens-Bigelow.pdf> [as of Apr. 9, 2014].)

4

(2002) 27 Cal.4th 537, 577).  The issues in this proceeding are (1) whether, in determining if Braziel is eligible for recall of his three strikes sentence under Proposition 36, the court should consider the nature of his crimes (i.e., whether they are serious and/or violent) at the time of commission or under current law, and (2) whether Braziel is eligible for recall of a three strikes sentence on an individual count that is not a serious and/or violent felony, even if he is ineligible for recall of his three strikes sentences on other counts.

The People argue that the present-tense language of section 1170.126, subdivision (e)(1), evidences an intent that the court should use the current definitions of serious and/or violent felonies in determining whether a defendant is eligible for recall of his three strikes sentence, and that, if any of the felonies for which a defendant is serving a three strikes sentence is a serious and/or violent felony, then the defendant is not eligible for recall of his sentence.  Braziel relies on section 1170.125[3] in support of his contention that the court should look to the definitions of serious and violent felonies at the time of commission in order to make that determination.  He also asserts that, even if one of the felonies for which he is serving a three strikes sentence is a serious and/or violent felony, he is eligible for recall of his sentence on the other felonies.

B.    *General Rules of Statutory Interpretation*

"'In interpreting a voter initiative . . . we apply the same principles that govern statutory construction.  [Citation.]  Thus, "we turn first to the language of the statute, giving the words their ordinary meaning."  [Citation.]  The statutory language must also be construed in the context of the statute as a whole and the overall statutory scheme [in light of the electorate's intent].  [Citation.]  When the language is ambiguous, "we refer

---

[3]    Proposition 21 also added section 1170.125, which specified that the new definitions of serious and violent crimes applied to crimes committed on or after its effective date.  Proposition 36 amended section 1170.125 to provide that "for all offenses committed on or after November 7, 2012, all references to existing statutes in Sections 1170.12 and 1170.126 are to those sections as they existed on November 7, 2012."

5

to other indicia of the voters' intent, particularly the analyses and arguments contained in the official ballot pamphlet." [Citation.]' [Citation.] In other words, our 'primary purpose is to ascertain and effectuate the intent of the voters who passed the initiative measure.' [Citation.]" (*People v. Briceno* (2004) 34 Cal.4th 451, 459; accord, *People v. Park* (2013) 56 Cal.4th 782, 796.)

We do not interpret statutory language in isolation but interpret it "'in the context of the entire statute of which it is a part, in order to achieve harmony among the parts.'" (*People v. Briceno*, *supra*, 34 Cal.4th at p. 460; *Robert L. v. Superior Court* (2003) 30 Cal.4th 894, 903.) In addition, we interpret a statute "'''''with reference to the entire scheme of law of which it is a part so that the whole may be harmonized and retain effectiveness.'''''" (*State Farm Mutual Automobile Ins. Co. v. Garamendi* (2004) 32 Cal.4th 1029, 1043; see *Kalpoe v. Superior Court* (2013) 222 Cal.App.4th 206, 211.)

      C.     *Whether Under Section 1170.126 the Court Should Use the Definitions of Serious and/or Violent Felonies at the Time of the Commission of the Crime or at the Time of the Petition for Recall of Sentence*

          1.     Language of the Statute

Subdivision (a) of section 1170.126 states that it applies to those "whose sentence under this act would not have been an indeterminate life sentence." A defendant sentenced under the Act would be sentenced according to the current definitions of serious and/or violent felonies. Subdivision (e)(1) of section 1170.126 states that "[a]n inmate is eligible for resentencing if . . . [t]he inmate is serving an indeterminate term of life imprisonment imposed pursuant to paragraph (2) of subdivision (e) of Section 667 or subdivision (c) of Section 1170.12 for a conviction of a felony or felonies that *are* not defined as serious and/or violent felonies by subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7." (Italics added.) The use of the present tense "are" in subdivision (e)(1) supports the People's position that in determining whether an inmate is eligible for resentencing, the court should use the current, post-Proposition 36 definitions of serious and violent felonies. "In construing statutes, the use of verb tense by the

6

Legislature is considered significant." (*Hughes v. Board of Architectural Examiners* (1998) 17 Cal.4th 763, 776; accord, *People v. Loeun* (1997) 17 Cal.4th 1, 11; *Matus v. Board of Administration* (2009) 177 Cal.App.4th 597, 607.) This interpretation of subdivision (e)(1) is in harmony with subdivision (a) of section 1170.126.

Subdivision (e)(2) of section 1170.126 further demonstrates the significance of the use of the present tense in the statute. It provides that an inmate is eligible for resentencing if his "current sentence *was not* imposed for any of the offenses *appearing* in clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12." (§ 1170.126, subd. (e)(2), italics added.) Subdivision (e)(2) uses the term "appearing," rather than "then-appearing" or "appearing at the time" of sentencing. The use of the past tense with respect to sentencing and the present participle with respect to the offenses again supports the conclusion that current definitions of the offenses are determinative. (See *U.S. v. Hull* (3d Cir. 2006) 456 F.3d 133, 145 ["Congress's use of the present participle [in the statute] connotes present, continuing action"]; but see *In re Mortgages Ltd.* (Bankr. D. Ariz. 2013) 2013 WL 1309028, p. 1 ["a precise tense cannot be ascertained solely from the use of a so-called 'present participle' as compared to a 'past participle'"].)

Although we perceive no ambiguity in the language of section 1170.126, this does not end our inquiry. "A court must refer to the *entire* initiative to determine its purpose and intent, even when there is no ambiguity in the statutory provisions. [Citation.] '"The [initiative's] language must . . . be construed in the context of the statute as a whole and the [initiative's] overall . . . scheme."' [Citation.]" (*Yes on 25, Citizens for an On-Time Budget v. Superior Court* (2010) 189 Cal.App.4th 1445, 1455-1456, quoting *Professional Engineers in California Government v. Kempton* (2007) 40 Cal.4th 1016, 1037, 1039.) Thus we examine section 1170.126 in the context of the statutory scheme of which it is a part.

## 2. *Context and Overall Statutory Scheme*

Section 1170.125 was amended by Proposition 36 and is part of the same statutory scheme as section 1170.126. It provides that "for all offenses committed on or after November 7, 2012, all references to existing statutes in Sections 1170.12 and 1170.126 are to those sections as they existed November 7, 2012." (§ 1170.125.) Braziel argues that "the plain language" of section 1170.125 is that whether his "current conviction was a serious felony turns on the definition of it at the time of its commission." Relying on the history of section 1170.125, Braziel argues that "[t]he clear language of [the section] from its inception has required that new designations of serious and violent felonies are to be applied going forward, to offenses committed 'after' the effective date of the amendments to the lists of serious or violent felonies." Because changes to the designations of serious or violent felonies apply prospectively, the argument goes, they cannot be applied retrospectively to his offenses. Braziel argues that because his terrorist/criminal threats offense was not a serious or violent felony at the time of his conviction, the post-Proposition 36 designations of serious and/or violent felonies do not apply in determining whether he is eligible for recall of his sentence under section 1170.126.

Section 1170.125 does not aid Braziel. Section 1170.125 states that it applies to "all offenses committed on or after November 7, 2012." Braziel committed his offenses long before November 7, 2012. Therefore, section 1170.125 by its terms does not apply to his offenses.

Moreover, even if (contrary to the express terms of the statute) section 1170.125 applied to Braziel's offenses, section 1170.125 states that "all references to existing statutes in Sections 1170.12 and 1170.126 are to those sections as they existed November 7, 2012." Thus, the references in section 1170.126, subdivision (e)(1), to serious and/or violent felonies as defined by section 667.5, subdivision (c), and section 1192.7, subdivision (c), would be to those statutes as they currently exist. This language directly contradicts the position taken by Braziel, who argues that the references

8

to the statutes defining serious and/or violent felonies in section 1170.126 should be to those statutes as they existed in 1999.**4**

A recent commentary on Proposition 36 agrees with our conclusion that an inmate convicted of making a terrorist/criminal threat prior to the enactment of Proposition 21 in March 2000 is not eligible for resentencing under the Act. In discussing the effect of section 1170.125 on 1170.126, Couzens and Bigelow state that "Proposition 21, enacted March 7, 2000, added section 422, making criminal threats, to the list of serious felonies in section 1192.7[, subdivision ](c)(38). It is of no benefit to a defendant sentenced to a 25-life term for a violation of section 422 prior to 2000 that the crime was not then listed as a serious felony. Based on the objective intent of the amendment to section 1170.125 and the opening paragraph of section 1170.126[, subdivision ](a), eligibility for resentencing must be based on the interpretation of statutes as they exist on or after November 7, 2012. In the case of a person convicted of a violation of section 422 prior to March 7, 2000, he or she would not be eligible for resentencing because section 1192.7[, subdivision ](c)(38), as it read on November 7, 2012, lists section 422 as a serious felony." (Couzens & Bigelow, The Amendment of the Three Strikes Sentencing Law, *supra*, pp. 25-26.)

---

**4**  We acknowledge that section 1170.125 contains an interpretive challenge. It is logically impossible for section 1170.125, which applies to "all offenses committed on or after November 7, 2012," to control section 1170.126, which by definition applies only to offenses committed prior to November 7, 2012 by defendants serving indeterminate prison terms. The reference in section 1170.125 to section 1170.126, after the reference to section 1170.12, does not appear to have any purpose. (See Couzens & Bigelow, The Amendment of the Three Strikes Sentencing Law, *supra*, p. 25 ["[o]n its face, the amendment with respect to section 1170.126 makes no sense — section 1170.126 only applies to crimes committed *prior to* November 7, 2012"]; see also *People v. Hudson* (2006) 38 Cal.4th 1002, 1010 ["interpretations that render statutory terms meaningless as surplusage are to be avoided"]; *People v. Loeun*, *supra*, 17 Cal.4th at p. 9 [""'statutes must be harmonized, both internally and with each other, to the extent possible,'"" and "'[i]nterpretations that lead to absurd results or render words surplusage are to be avoided'"].) We do not need to resolve this interpretive issue because either way we might resolve the ambiguity, section 1170.125 does not assist Braziel.

Braziel's argument regarding prospective application of section 1170.126 is also inconsistent with the law governing prospective and retrospective application of criminal statutes. As noted above, section 1170.125 was added by Proposition 21. It provided that "for all offenses committed on or after the effective date of this act, all references to existing statutes in Section 1170.12 are to those statutes as they existed on the effective date of this act, including amendments made to those statutes by this act." The section was amended in 2006 to provide that "for all offenses committed on or after the effective date of this act, all references to existing statutes in Section 1170.12 are to those statutes as they existed on the effective date of this act, including amendments made to those statutes by the act enacted during the 2005-06 Regular Session that amended this section." (§ 1170.125, amended by Stats. 2006, ch. 337, § 36.) As the Legislature or the voters changed the designations of serious and/or violent felonies, section 1170.125 provided that those changes applied prospectively only, to offenses committed on or after the effective date of the changes. (See *Manduley v. Superior Court*, *supra*, 27 Cal.4th at pp. 574-575.)

Although Braziel does not explicitly argue that the trial court's denial of his petition to recall his sentence violated his constitutional right against ex post facto laws, that appears to be the theory behind his argument. There is, however, no ex post facto violation here. Where a new law increases the punishment for an offense previously committed, the law must be applied prospectively in order to avoid violation of the ex post facto clause of the Constitution. (*John L. v. Superior Court* (2004) 33 Cal.4th 158, 172-173; *Bourquez v. Superior Court* (2007) 156 Cal.App.4th 1275, 1286-1287.) Section 1170.125 in essence codifies this principle. Section 1170.126, however, does not increase the punishment for a previously committed offense. It makes certain defendants eligible for a decreased punishment. (See *Peugh v. United States* (2013) ___ U.S. ___, ___ [133 S.Ct. 2072, 2081, 186 L.Ed.2d 84] [ex post facto laws include those that "'chang[e] the punishment, and inflic[t] a greater punishment, than the law annexed to the crime, when committed'"]; *California Dept. of Corrections v. Morales* (1995) 514 U.S. 499, 509 [115 S.Ct. 1597, 131 L.Ed.2d 588] [in evaluating whether a new law that

10

decreased the frequency of parole suitability hearings violated the ex post facto clause, the court "must determine whether it produces a sufficient risk of increasing the measure of punishment attached to the covered crimes"]; *John L.*, *supra*, at p. 181 ["laws inflicting 'greater punishment' than what was authorized when the crime occurred" are ex post facto laws].) Therefore, the rule of prospective application does not require that the references in section 1170.126 to serious and/or violent felonies be as of the date of commission of the offense—if the offense became a serious or violent felony subsequent to that time—in order to avoid the prohibition on ex post facto laws.

Moreover, courts have consistently determined whether a prior offense was a serious and/or violent felony using the current definitions of serious and/or violent felonies, not the definitions in place at the commission of the prior offense. For example, in *People v. James* (2001) 91 Cal.App.4th 1147, the court held "that if a defendant's current offense was committed on or after the effective date of Proposition 21, a determination whether the defendant's prior conviction was for a serious felony within the meaning of the three strikes law must be based on the definition of serious felonies in . . . section 1192.7, subdivision (c) in effect on March 8, 2000," the effective date of Proposition 21. (*Id.* at p. 1150; see *John L. v. Superior Court*, *supra*, 33 Cal.4th at pp. 174-175; *People v. Ringo* (2005) 134 Cal.App.4th 870, 884.) The court found that this holding was consistent with previous cases that had held that, for purposes of the three strikes law, the court determines whether a prior offense constitutes a strike as of the date of the enactment of the three strikes law, not the date the defendant committed the offense. (*James*, *supra*, at pp. 1150-1151; see, e.g., *People v. O'Roark* (1998) 63 Cal.App.4th 872, 875-876; *People v. Kinsey* (1995) 40 Cal.App.4th 1621, 1631; *Gonzales v. Superior Court* (1995) 37 Cal.App.4th 1302, 1311.)

Examining section 1170.126 in the context of the statutory scheme of which it is a part confirms our conclusion that in determining whether an inmate is eligible for resentencing under subdivision (e)(1), the court should use the current, post-Proposition 36 definitions of serious and violent felonies. Section 1170.125 does not compel a different conclusion.

3. The Voters' Intent

Braziel also relies on the Official Voter Guide for Proposition 36, which states that the initiative "[r]evises law to impose life sentence only when new felony conviction is serious or violent. May authorize re-sentencing if third strike conviction was not serious or violent." (<http://voterguide.sos.ca.gov/past/2012/general/quick-reference-guide/prop-36.htm> [as of Apr. 9, 2014].) The summary of the "pro" argument states that the proposition "[r]estores the original intent of the Three Strikes law by focusing on violent criminals." (*Ibid.*) Based on these two passages and subdivision (a) of section 1170.126, Braziel argues that the "stated goals and statutory terms together demonstrate that section 1170.126 [was] designed to permit defendants who are serving an indeterminate term for a crime that was not serious or violent when committed to have their sentences recalled and determinate 'two strikes' sentences imposed as would occur for anyone with a non-serious, non-violent current offense today."

In general, "we may resort to extrinsic sources, including the analyses and arguments contained in the official ballot pamphlet, and the ostensible objects to be achieved" where the statutory language is unclear or ambiguous. (*People v. Lopez* (2005) 34 Cal.4th 1002, 1006; *Taxpayers for Accountable School Bond Spending v. San Diego Unified School Dist.* (2013) 215 Cal.App.4th 1013, 1026; see, e.g. *People v. Johnson* (2013) 57 Cal.4th 250, 261; *People v. Park*, *supra*, 56 Cal.4th at pp. 797-798.) We may also analyze such "extrinsic indicia of voter intent" to confirm our interpretation of the plain meaning of the statute. (*Silicon Valley Taxpayers' Assn. v. Garner* (2013) 216 Cal.App.4th 402, 407, 408; see *Goodman v. Lozano* (2010) 47 Cal.4th 1327, 1335 [although the meaning of words in a statute "is plain, it is helpful to look at [the statute's] legislative history"]; *People v. Floyd* (2003) 31 Cal.4th 179, 187 ["plain-language construction" of initiative was "also supported by the ballot argument distributed to voters"]; *Jenkins v. County of Los Angeles* (1999) 74 Cal.App.4th 524, 530 ["we may consider legislative history where it buttresses our interpretation of the plain meaning of a statute" enacted by initiative], citing *Briggs v. Eden Council for Hope & Opportunity* (1999) 19 Cal.4th 1106, 1120.) To the extent there is any ambiguity in section 1170.125

12

and section 1170.126, or any need to confirm our interpretation of section 1170.126, our review of the Proposition 36 ballot materials has not revealed any support for Braziel's argument or any basis for ignoring the clear language of section 1170.126.

Nothing in the analysis of, or the arguments for and against, Proposition 36 specifies that the court determines whether an offense is serious or violent as of the date of commission of the offense rather than the effective date of the proposition. The Analysis by the Legislative Analyst simply states: "This measure allows certain third strikers to apply to be resentenced by the courts. The measure limits eligibility for resentencing to third strikers whose current offense is nonserious, non-violent and who have not committed specified current and prior offenses, such as certain drug-, sex-, and gun-related felonies." (<http://vig.cdn.sos.ca.gov/2012/general/pdf/36-title-summ-analysis.pdf> [as of Apr. 9, 2014].) If anything, the use of the present tense in reference to the current offense suggests that the current designations of serious and/or violent felonies are the applicable ones. In addition, nothing in the arguments in favor of or against Proposition 36 addresses the determination whether the current offense is serious and/or violent. The arguments merely use such terms as "violent repeat offenders," "dangerous felons," and "dangerous criminals." (See <http://voterguide.sos.ca.gov/past/2012/general/propositions/36/arguments-rebuttals.htm> [as of Apr. 9, 2014].)

"[T]he ostensible objects to be achieved" (*People v. Lopez*, *supra*, 34 Cal.4th at p. 1006; *Taxpayers for Accountable School Bond Spending v. San Diego Unified School Dist.*, *supra*, 215 Cal.App.4th at p. 1026) by Proposition 36 were to reduce prison overcrowding while keeping dangerous criminals behind bars by allowing to resentence "third strikers whose current offense is nonserious, non-violent." Determining eligibility based on the current definitions of serious and/or violent felonies is fully consistent with that goal.

The language of section 1170.126, considered in the context of the overall three strikes sentencing scheme, and the evidence of the voters' intent in enacting the section, support the conclusion that in determining whether an inmate is eligible for recall of his

13

sentence under section 1170.126, the court must use the current, post-Proposition 36 definitions of serious and/or violent felonies, not those definitions in effect at the time of commission of the crimes. Therefore, Braziel's conviction of making a terrorist/criminal threat under section 422 is a conviction of a serious and/or violent felony, and he is ineligible for recall of his sentence for that offense.

> D. *Whether Under Section 1170.126 the Court Should Determine Whether an Inmate Is Eligible For Resentencing on Individual Counts That Were Not Serious and/or Violent Felonies*

The language of section 1170.126 suggests that a defendant inmate is not eligible for recall of his sentence if *any* of the offenses for which he is serving a three strikes sentence is a serious and/or violent felony, even if one or more of those sentences are not serious and/or violent felonies. As noted above, subdivision (a) of section 1170.126 provides that the resentencing provisions "apply exclusively to persons presently serving an indeterminate term of imprisonment . . . whose sentence under this act would not have been an indeterminate life sentence." A person sentenced under the Act who committed at least one serious and/or violent felony would receive an indeterminate term of imprisonment. In addition, subdivision (e)(2) of section 1170.126 provides that an inmate is eligible for resentencing if his "current sentence was not imposed for *any* of the offenses" specified. (Italics added.) The term "any" is all-inclusive. (*Quarry v. Doe I* (2012) 53 Cal.4th 945, 970; *Thrifty Payless, Inc. v. Mariners Mile Gateway, LLC* (2010) 185 Cal.App.4th 1050, 1064; *People v. Gandotra* (1992) 11 Cal.App.4th 1355, 1365.) Finally, subdivision (d) of section 1170.126 requires the petition for recall of sentence to "specify all of the currently charged felonies, which resulted in the sentence under paragraph (2) of subdivision (e) of Section 667 or paragraph (2) of subdivision (c) of Section 1170.12, or both . . . ." The fact that the statute requires the petition to list *all* current felonies resulting in an indeterminate life sentence supports the conclusion that the court must consider *all* current felonies in determining eligibility for recall of sentence.

14

The evidence of voter intent supports this conclusion. As noted above, the Legislative Analyst's Analysis of Proposition 36 states that the proposition "limits eligibility for resentencing to third strikers whose current offense is nonserious, non-violent and who have not committed specified current and prior offenses, such as certain drug-, sex-, and gun-related felonies." (<http://vig.cdn.sos.ca.gov/2012/general/pdf/36-title-summ-analysis.pdf> [as of Apr. 9, 2014].) An inmate who is serving an indeterminate term for multiple offenses, including some that are serious and/or violent, does not fall into the category of those "who have not committed" the offenses specified in section 1170.126, subdivisions (e)(1) and (e)(2). Thus, neither the language of section 1170.126 nor the ballot pamphlet arguments support Braziel's position that he is eligible for recall of his sentence on those counts that are not serious and or violent felonies, even if another count for which he is serving his indeterminate term is a serious and/or violent felony.

Another court recently reached the same conclusion. In *In re Martinez* (2014) 223 Cal.App.4th 610, petn. for review pending, petn. filed Mar. 5, 2014, the court rejected the argument that courts should consider the counts individually in determining eligibility for recall of sentence. The court in *Martinez* observed that an inmate serving an indeterminate term for a serious and/or violent offense, even if he or she committed other offenses that were not serious or violent, is still, in the words of the Voter Information Guide, a "'truly dangerous criminal[] [who] will receive no benefits whatsoever'" from the Act and will be kept "'off the streets.'" (*Id.* at p. 618.) "[I]t would be inconsistent with the Act's intent for the superior court to simply ignore" an inmate's conviction of a serious and/or violent felony "in determining his eligibility for resentencing under section 1170.26." (*Id.* at p. 619.) Based on the purpose and language of the statute, the court "interpret[ed] section 1170.126 as requiring the superior court to consider all felonies that led to any indeterminate life sentence under the previous version of the three strikes law.

15

If one of those felonies is a serious or violent felony or is otherwise disqualifying under the Act, section 1170.126 does not apply." (*Id*. at p. 620.)[5]

As discussed above, Braziel's conviction for making a terrorist/criminal threat was a conviction of a serious and/or violent felony. Because Braziel's current sentence was imposed for one of the offenses specified (§ 1170.126, subd. (e)(2)), his "sentence under this act would . . . have been an indeterminate life sentence" (*id*., subd. (a)). Therefore, he is not eligible for recall of his sentence and resentencing under section 1170.126, even though at least one of the offenses for which he is currently serving an indeterminate life sentence, count 1, is not a serious and/or violent felony.[6]

E.      *Conclusion*

We conclude that for purposes of determining whether an inmate is eligible for recall of his sentence and for resentencing under section 1170.126, subdivision (e)(1), the court determines whether "[t]he inmate is serving an indeterminate term of life imprisonment imposed pursuant to paragraph (2) of subdivision (e) of Section 667 or subdivision (c) of Section 1170.12 for a conviction of a felony or felonies that are not

_____

**5**      In Couzens & Bigelow, The Amendment of the Three Strikes Sentencing Law, *supra*, the authors recognize that there is support for both interpretations. They state that nothing in section 1170.126 suggests that an inmate serving indeterminate sentences for serious and/or violent felonies "would be prohibited from requesting relief for the other non-serious and non-violent crimes. Section 1170.126[, subdivision ](e)(1) is not limited in any way to exclude inmates who are serving life terms for serious or violent felonies and other life terms for non-serious or non-violent felonies. Such an interpretation is consistent with the intent of Proposition 36 to eliminate indeterminate sentences for non-serious and non-violent crimes. However, such an interpretation may be inconsistent with the intent of the initiative to maintain long sentences for people who have committed serious or violent offenses." (Couzens & Bigelow, The Amendment of the Three Strikes Sentencing Law, *supra*, at p. 27; see also *id*. at pp. 32-33.)

**6**      It is undisputed that count 1, assault by means likely to produce great bodily injury, was not a serious and/or violent felony. The information did not allege, and the jury did not find, that Braziel actually inflicted great bodily injury on his victim. (See §§ 667.5, subd. (c)(8), 1192.7, subd. (c)(8).)

defined as serious and/or violent felonies by subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7" based on the current versions of section 667.5, subdivision (c), and section 1192.7, if they are different from the versions in effect at the time of commission of or conviction for the felony. In addition, in determining eligibility for recall of sentence, the court must look at all of the felonies for which an inmate is serving the current term, and if any of those felonies is serious and/or violent, the inmate is ineligible for recall of sentence. Because Braziel is serving an indeterminate three strikes term for a serious and/or violent felony, making a terrorist/criminal threat, he is not eligible for recall of his sentence under section 1170.126. The trial court did not err in denying his petition.

**DISPOSITION**

The petition for writ of mandate is denied.

SEGAL, J.[*]

We concur:

PERLUSS, P. J.

WOODS, J.

---

[*]     Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| HOMER RAY BRAZIEL, | B249830 |
| Petitioner, | (Los Angeles County Super. Ct. No. BA183095) |
| v. | |
| THE SUPERIOR COURT OF LOS ANGELES COUNTY, | ORDER MODIFYING OPINION AND CERTIFYING FOR PUBLICATION [NO CHANGE IN JUDGMENT] |
| Respondent; | |
| THE PEOPLE, | |
| Real Party in Interest. | |

THE COURT:

It is ordered that the opinion filed herein on April 9, 2014, be modified as follows:

1. On page 4, line 6 of footnote 2, add the words "making a" between the words "of" and "terrorist/criminal," and on line 7 change the first word "threats" to "threat" so that the sentence reads:

> Because we conclude that Braziel was not eligible for recall of his sentence based on his conviction of making a terrorist/criminal threat, we need not decide whether we can look beyond the judgment to the record in determining whether a prior offense was a serious and/or violent felony.

2.  On page 8, first full paragraph under subsection 2, at the end of line 12 after the word "his" add "offense of making a," and on line 13 change "threats" to "threat" and delete the comma and the word "offense" so that the sentence reads:

> Braziel argues that because his offense of making a terrorist/criminal threat was not a serious or violent felony at the time of his conviction, the post-Proposition 36 designations of serious and/or violent felonies do not apply in determining whether he is eligible for recall of his sentence under section 1170.126.

3.  On page 13, line 4 of the second full paragraph, add the word "courts" between the words "allowing" and "to."

4.  On page 15, line 11 of the first full paragraph, add a slash ("/") between the words "and or."

There is no change in the judgment.

The opinion in the above-entitled matter filed on April 9, 2014, was not certified for publication in the Official Reports.  For good cause it now appears that the opinion should be published in the Official Reports and it is so ordered.


_____          _____          _____
PERLUSS, P. J.                    WOODS, J.                          SEGAL, J.*

---

*        Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.